Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
SABIDO LAW, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile:  (503) 974-1673

Attorney for Defendants PennyMac Loan Services, LLC,
Federal National Mortgage Association, and Mortgage
Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IVAN RICHARD HIGGS, <br><br>      Plaintiff, <br><br>   v. <br><br> PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); LOAN STAR HOME LOANS, LLC dba LOANSTAR HOME LENDING; TICOR TITLE; and DOES 1-10, <br><br>      Defendants. | Case No. 3:25-cv-02335-YY <br><br> **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** |

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1(a), the undersigned counsel certifies that a good faith effort was made by telephone and email correspondence to confer with Plaintiff regarding the issues raised in this motion.  Plaintiff responded that, because he is a self-represented party, he prefers that

Page 1 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

Defendants' arguments be presented in a written motion and that he will respond through the Court.

**MOTION**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2), Defendant PennyMac Loan Services, LLC ("PennyMac"), Defendant Federal National Mortgage Association ("Fannie Mae"), and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") move for an order dismissing Plaintiff Ivan Higgs's ("Plaintiff") Complaint. This motion is supported by the Memorandum of Points and Authorities below and by the accompanying Defendants' Request for Judicial Notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff's Complaint attempts to manufacture purported statutory violations arising from ordinary loan servicing activity by PennyMac. Without pleading facts to show any plausible entitlement to relief, Plaintiff not only attempts to assert claims against PennyMac in its capacity as a loan servicer, but also against MERS and Fannie Mae, without identifying a single allegation describing their alleged conduct, involvement, or even role in connection with Plaintiff's claims.

Indeed, the Complaint is premised on letters that Plaintiff purportedly sent to PennyMac (which he characterizes as notices of error and requests for information), and credit reporting by PennyMac after he sent those letters. Yet, the Complaint fails to identify any cognizable error by PennyMac in connection with these communications or credit reporting, much less any wrongdoing by the remaining Defendants. These deficiencies fall well below Plaintiff's required pleading burden, making it impossible for Defendants to ascertain the basis of the claims against them.

Page 2 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

At bottom, Plaintiff appears to be using this lawsuit as a vehicle to either delay or prevent foreclosure proceedings, despite conceding that his loan is in default and secured by a recorded Deed of Trust. Given the Complaint's deficient and conclusory allegations, Plaintiff fails to state any claim for relief against Defendants. The Court, therefore, should dismiss the Complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about June 26, 2017, Plaintiff obtained a loan from Loan Star in the amount of $414,000 ("Loan"), secured by a Deed of Trust ("Deed of Trust") recorded against real property located at 54248 Kalberer Rd., Scappoose, OR 97056 ("Property"). (*See* Request for Judicial Notice ("RJN"), Ex. A [Deed of Trust]). Under the Deed of Trust, MERS is designated as the nominee for the originating lender, Loan Star, its successors and assigns. (*See* RJN at Ex. A, p. 1). On November 25, 2025, a Corporate Assignment of Deed of Trust was recorded, assigning all interest in the Deed of Trust held by MERS to PennyMac. (*See id.* at Ex. B).

On or about October 27, 2025, Plaintiff filed the State Court Summons and Complaint, entitled *Ivan Richard Higgs v. PennyMac et al.*, in Oregon Circuit Court, Columbia County, case number 25CV57863 ("Complaint"). The Complaint asserts claims against PennyMac in its capacity as "service[r]" of the Loan, MERS as the "nominee beneficiary on the 2017 Deed of Trust", and Fannie Mae as "the owner/investor". (Complaint ["Compl."] (Dkt. 1-1), p. 2). Defendants timely removed the case to this Court on December 15, 2025. (*See* Dkt. 1 [Notice of Removal]).

Although unclear, the Complaint appears to allege, among other things, that Plaintiff sent a notice of error ("NOE") and/or a request for information ("RFI") to PennyMac in connection with the Loan, and that PennyMac improperly credit reported his account after those letters were sent. (*See, e.g.*, Compl. at pp. 3-4). The Complaint alleges no facts against any other Defendant. Based on these allegations, Plaintiff asserts causes of action against Defendants for:

Page 3 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

(1) declaratory judgment, (2) quiet title/cancellation, (3) accounting, (4) violations of the Real Estate Settlement Procedures Act ("RESPA"); (5) violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); (6) "Metro-2 Credit Reporting Misconduct"; and (7) injunctive relief.  (Compl. at pp. 4-6).

### III.  RELEVANT LEGAL STANDARDS

A Rule 12(b)(6) motion should be granted where a plaintiff fails to present plausible facts entitling him to relief.  *Bell Atlantic Corp. v. Twombly ("Twombly")*, 550 U.S. 544, 553 (2007). In ruling on a motion to dismiss, the Court considers facts alleged in the complaint and those that are subject to judicial notice.  *Lee v. City of Los* Angeles, 250 F.3d 668, 688 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Further, "[c]omplaints may also be dismissed on Rule 8 grounds independent of Rule 12(b)(6)."  *Gillette v. Malheur Cnty.*, No. 2:14-CV-01542-SU, 2015 WL 2365405, at *1 (D. Or. May 15, 2015) (citing *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)).  "Rule 8 requires a complaint to include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  "It also requires that 'each allegation must be simple, concise, and direct.'"  *Id.* (citing Fed. R. Civ. P. 8(d)(1)).  A pleading should be dismissed where it merely alleges "'naked assertion[s]' devoid of 'further factual enhancement'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV.  DISCUSSION

**A.**    **The Complaint Should Be Dismissed Under Rule 8(a)(2) Because It Is Devoid Of Any Well-Pleaded Facts Supporting Any Cognizable Claim For Relief**

///

Page 4 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

### 1. The Complaint Contains No Allegations Against Fannie Mae or MERS

As an initial matter, the Complaint should be dismissed as to Fannie Mae and MERS because it contains no factual allegations concerning their involvement in the claims at issue or otherwise identifying a plausible basis for liability against them.

A "[p]laintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). Courts routinely dismiss claims against defendants where there are no allegations describing their conduct, involvement, or role in the alleged wrongdoing at issue. *See, e.g., Kofoed v. Edison Pension Tr.*, No. CIV. 09-1104-KI, 2009 WL 5194443, at *1 (D. Or. Dec. 21, 2009) (granting motion to dismiss and stating: "The Complaint . . . contains no allegations against these two defendants. . . . Because there are literally no allegations against [the two defendants], I dismiss them from the Complaint."); *Cuellar v. Guardian Life Ins. Co. of Am.*, No. 1:23-CV-1075 JLT CDB, 2023 WL 6811793, at *1 (E.D. Cal. Oct. 16, 2023) (granting motion to dismiss, stating: "there were 'no allegations in the Complaint addressing Defendant or its involvement in the events giving rise to Plaintiff's claims'").

In this case, the Complaint does not – and cannot – state any claim against Fannie Mae or MERS in connection with the conduct at issue. The Complaint exclusively challenges servicing-related activities and credit reporting by PennyMac. (*See, e.g.*, Compl. at p. 2 ("Plaintiff sent PennyMac a written RFI/NOE…. PennyMac sent a partial packet (note/deed, partial histories)… PennyMac furnished a 30-day late for September 2025," and there have been no "corrected credit reporting" or "product[ions of] the core records."). Not only are those allegations not directed at MERS or Fannie Mae, no such allegations could plausibly be alleged against MERS or Fannie Mae based on PennyMac's servicing-related conduct. For that reason alone, the Complaint should be dismissed with prejudice as to MERS and Fannie Mae.

Page 5 - **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

### 2. *The Complaint Fails To State A Cognizable Legal Theory Against PennyMac*

Although unclear, the Complaint appears to advance two central theories against PennyMac – neither of which can support a viable claim against PennyMac. First, Plaintiff appears to allege that he sent PennyMac written NOEs and/or RFIs regarding his Loan. (*See, e.g.*, Compl. at p. 2 ("08/04/25: Plaintiff sent PennyMac a written RFI/NOE….08/05/25 acknowledged. 08/26/2025: PennyMac sent a partial packet (note/deed, partial histories)."). However, the Complaint is devoid of any allegations explaining what specific information Plaintiff disputed, what errors allegedly existed in connection with his Loan, or how PennyMac's various responses were supposedly insufficient. (*See id.* at pp. 4-5).

Second, Plaintiff alleges that PennyMac reported derogatory credit information while his disputes were pending, alleging PennyMac was not permitted to credit report him during that time. (*See id.* at pp. 5, 7). However, the Complaint appears to simultaneously concede that Plaintiff's loan was delinquent at the time of PennyMac's credit reporting, and that PennyMac had repeatedly responded to Plaintiff's NOEs/RFIs verifying the delinquent status of his loan. (*See, e.g., id.* at p. 3 (alleging PennyMac provided Plaintiff with a reinstatement on "10/01/2025", stating that the reinstatement amount was "$9,073.42," and that Plaintiff received a "Notice of Default & Intent to Accelerate" with "~$8,430.84 due; cure by 11/13/25"). Nothing about these allegations demonstrates a plausible legal theory against PennyMac.

Plaintiff's conclusory and self-defeating allegations against PennyMac fail to satisfy Rule 8(a)(2)'s pleading requirements, and should be dismissed. *See Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); *see, e.g., Reitz v. Dep't of HUD*, No. 3:14-CV-00625-HZ, 2014 WL 2041836, at *2 (D. Or. Apr. 29, 2014) (dismissing complaint under Rule 8, stating: "Plaintiff's rambling statements fail to allege sufficient facts to place any Defendant on notice of

Page 6 - **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

the nature of his claims. Although Plaintiff has submitted multiple documents showing that he believes various people and entities have wronged him in various ways, Plaintiff fails to state a cognizable legal claim against any Defendant"); *see also Thomas v. Wells Fargo Bank, N.A.*, No. 207CV01007RCJRJJ, 2008 WL 11450626, at *4 (D. Nev. July 11, 2008) (granting motion to dismiss, stating: "[d]ue to Plaintiff's conclusory, contradictory, and unreasonable inferences of fact, the Complaint does not constitute a well-pleaded claim under Rule 8(a)(2).").

In short, the Complaint contains no allegations against Fannie Mae or MERS, and fails to state any cognizable legal theory against PennyMac. For those reasons alone, the Court should dismiss the Complaint in its entirety based on Fed. R. Civ. P. 8(a)(2). No further inquiry is needed.

**B.** **The Complaint Should Also Be Dismissed For Failure To State A Claim Under Rule 12(b)(6)**

To the extent the Court finds a need to inquire further (which it should not), the result would be no different. The Complaint also fails to state a claim under Fed. R. Civ. P. 12(b)(6).

### *1.* *Plaintiff's RESPA/Regulation X Claim Fails*

The Complaint purports to assert a claim under RESPA and its implementing regulations. "The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, provides an action for damages against mortgage-loan servicers who fail to respond to certain types of inquiries from borrowers." *McCoy v. Wells Fargo Bank, N.A.*, No. 1:20-CV-00176-CL, 2021 WL 4451423, at *4 (D. Or. July 21, 2021) (citing *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 663 (9th Cir, 2012)). "Regulation X is RESPA's implementing regulation." *Acevedo v. Loan Co. of San Diego*, No. 20-CV-1263-BAS-MSB, 2020 WL 4596760, at *5 (S.D. Cal. Aug. 10, 2020). In this case, Plaintiff's RESPA/Regulation X claims fail for numerous reasons.

///

Page 7 - **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

### a. Because Plaintiff's RESPA and Regulation X Claims Challenge Servicing Related Conduct, The Claim Is Inapplicable To Fannie Mae And MERS

For starters, Count 4 should be dismissed as to Fannie Mae and MERS for failure to state any viable claim. Although the Complaint generally fails to identify what entity any of the causes of action are directed toward, Count 4 specifically ties the allegations to PennyMac. (*See* Compl. at p. 5 (alleging "PennyMac failed to reasonably investigate/correct continuing errors and to timely respond to targeted RFIs")). Additionally, Plaintiff's claims under RESPA and Regulation X challenge servicing-level conduct only, and Plaintiff concedes that PennyMac "services the Loan". (*See* Compl. at pp. 2, 5).

Moreover, the Regulation X provisions at issue – 12 C.F.R. §§ 1024.35 and 1024.36 – apply only to conduct by "servicers" and, thus, are inapplicable to Fannie Mae and MERS as a matter of law. *See* 12 C.F.R. § 1024.35(a) ("A servicer shall comply with the requirements of this section…"); 12 C.F.R. § 1024.36(a) ("A servicer shall comply with the requirements of this section…"). Accordingly, Plaintiff has no viable RESPA or Regulation X claim against Fannie Mae or MERS. The claim, therefore, should be dismissed with prejudice as to those Defendants.

### b. The Complaint Fails To Identify Any Actionable Provision Under RESPA

Next, although he purports to assert Count 4 under "RESPA," Plaintiff fails to identify any provision under RESPA that forms the basis of his claim. Thus, any purported "RESPA" claim fails under both Rule 8 and Rule 12(b)(6), and should be dismissed for this sole reason. *See, e.g.*, *Amina v. WMC Fin. Co.*, 329 F. Supp. 3d 1141, 1162 (D. Haw. 2018), *aff'd,* 812 F. App'x 509 (9th Cir. 2020) ("to the extent this claim invokes RESPA as the statutory basis for the alleged violation, it fails to state a plausible claim . . . [and] is insufficiently pled because it is not clear which provision of the statute was violated by which party, nor do the allegations actually

Page 8 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

pled support a plausible cause of action"); *Fuller Fam. Tr. v. Nationstar Mortg. LLC*, No. 223CV00091MMDDJA, 2023 WL 3865005, at *1 (D. Nev. June 6, 2023) (dismissing RESPA claim because "[n]either Defendants nor the Court are able to ascertain from Plaintiffs' general allegations which RESPA provisions are at issue."); *Isagawa v. Homestreet Bank*, 769 F. Supp. 2d 1225, 1235 (D. Haw. 2011) ("Plaintiffs fail to cite any specific provision of RESPA that was violated by Defendants, which is grounds for dismissal of the claim, alone.").

### c. The Complaint Fails To State A Claim Under Regulation X

In addition to referencing RESPA, Plaintiff appears to premise Count 4 under Sections 1024.35 and 1024.36 of Regulation X. (*See* Compl. at p. 5). Section 1024.35 of Regulation X requires loan servicers to respond to a borrower's "notice of error" (i.e., "NOE"). *Warren v. PNC Bank Nat'l Ass'n*, No. 22-CV-07875-WHO, 2023 WL 3182952, at *8 (N.D. Cal. Apr. 30, 2023) ("Section 1024.35 requires servicers to take certain steps upon receipt of 'any written notice from the borrower that asserts an error' and includes certain information, including the borrower's name, information that allows the servicer to identify the borrower's mortgage loan account, and 'the error the borrower believes has occurred.'"). In addition, Section 1024.36 of Regulation X requires loan servicers to respond to certain "requests for information" (i.e., "RFI") from borrowers. 12 C.F.R. § 1024.36.

To trigger a servicer's response obligations under these provisions, NOEs and RFIs must relate to the servicing of the loan. *See Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1013–14 (N.D. Cal. 2009) (dismissing RESPA claim where borrower's letter "simply disputed the validity of the loan and not its servicing"); *Cruz v. Freedom Mortg. Corp.*, No. CV 18-1438 PSG (KSX), 2018 WL 6118532, at *5 (C.D. Cal. May 3, 2018) (same). Further, overly broad requests do not trigger a servicer's response obligations. *See, e.g.*, *Brewer v. Wells Fargo Bank, N.A.*, No. 16-CV-02664-HSG, 2017 WL 1315579, at *4 (N.D. Cal. Apr. 6, 2017)

Page 9 - **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

(servicers are not required "to respond when they 'reasonably determine' that a request is overbroad or unduly burdensome") (citing 12 C.F.R. § 1024.36(f)); *Anderson v. Wells Fargo Home Mortg.*, No. 2:16-cv-01783 LEK, 2017 WL 4181114, at *5 (E.D. Cal. Sep. 21, 2017) (holding that plaintiff's RFIs for a "complete life of loan transactional history" are overbroad and not actionable).

In this case, Plaintiff generally alleges that "PennyMac failed to reasonably investigate/correct continuing errors and to timely respond to targeted RFIs". (Compl. at p. 5). Although the Complaint identifies several letters he sent to PennyMac, Plaintiff fails to allege the substance of those letters, except for the letter he sent on October 10, 2025, which demanded the following information: "ESI + metadata + records-custodian declaration: life-of-loan ledger/legend; escrow workpapers…fee/advance ledger, revision logs…investor directives/authority", among other items. (*See id.* at p. 3). However, these demands are objectively improper, overbroad, and have nothing to do with the servicing of Plaintiff's Loan. Nor does Plaintiff allege how PennyMac's responses to any of his letters were insufficient or otherwise improper. *See Watson v. Bank of Am., N.A.*, No. 16CV513-GPC(MDD), 2016 WL 3552061, at *12 (S.D. Cal. June 30, 2016) ("A general statement that BANA failed to provide the requested information does not state a claim for violation of Regulation X.").

Accordingly, the Complaint fails to state any claim under the provisions of Regulation X that Plaintiff purports to rely on. *See, e.g.*, *Derusseau v. Bank of Am., N.A.*, 2011 WL 5975821, at *4-5 (S.D. Cal. Nov. 29, 2011) (dismissing claims based on an RFI seeking information that covered the entire life of the loan, stating that "[s]uch broad requests for information related generally to Plaintiff's loan are not covered…"); *Norris v. Bayview Loan Servicing, LLC*, No. CV1506413MWFDTBX, 2016 WL 337381, at *5 (C.D. Cal. Jan. 25, 2016) (dismissing

Page 10 - **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

Regulation X claim under Section 1024.36, finding there were "no allegations other than the catchall assertion that Defendant [] did not 'provide accurate and complete responses.'").

### 2. *Plaintiff's FCRA and "Regulation V" Claim Fails*

Congress enacted the FCRA to ensure accurate reporting about the "credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2). Under the FCRA, consumers are entitled to request copies of their credit report from TransUnion, Equifax, and Experian, i.e., the country's "Big Three" credit reporting agencies ("CRAs"). *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2201 (2021). If a consumer believes any credit information is inaccurate on their credit reports, the FCRA allows the consumer to file a dispute with the credit reporting agency. *See* 15 U.S.C. § 1681i(a).

To ensure the accuracy of credit reports, "the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009). "Section 1681s–2 sets forth '[r]esponsibilities of furnishers of information to consumer reporting agencies,' delineating two categories of responsibilities. Subsection (a) details the duty 'to provide accurate information'". *Id.* Subsection (b) "imposes a second category of duties on furnishers of information. These obligations are triggered "upon notice of dispute" – that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information." *Id.*

In this case, Plaintiff places both subsection (a) and (b) of Section 1681s–2 at issue. He cannot prevail, however, under either subsection.

///

///

///

Page 11 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

### a. No Private Right of Action Under "Regulation V", Which Implements FCRA Section 1681s–2(a)

First, Plaintiff cannot state a claim under 12 C.F.R. § 1022.43 (i.e., part of the FCRA's implementing regulations known as "Regulation V") based on his alleged "direct dispute" to PennyMac. (Complaint at p. 5).

Section 1681s-2(a) imposes various duties on furnishers, including but not limited to requiring furnishers to "reinvestigate a dispute concerning the accuracy of information contained in a consumer report on the consumer, based on a direct request of a consumer." 15 U.S.C. § 1681s-2(a)(8). Relatedly, 12 C.F.R. § 1022.43 implements provisions of Section 1681s-2(a) of the FCRA relating to direct disputes by consumers. As one court has explained, "15 U.S.C. § 1681s-2(a)(8) . . . direct[s] the CFPB to promulgate regulations for direct disputes" and "12 C.F.R. § 1022.43" is a "regulation[] related to direct disputes". *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1366 (11th Cir. 2024).

However, the FCRA does not create a private right of action under Section 1681s–2(a) or its related regulations like 12 C.F.R. § 1022.43. Indeed, although "[a] private right of action can be based on an alleged violation of 15 U.S.C. *§ 1681s-2(b)*", it cannot be based on "a violation of 15 U.S.C. *§ 1681s-2(a)*" as a matter of law. *Nguyen v. Fed. Home Loan Mortg. Corp.*, No. 3:16-CV-00316-AC, 2019 WL 6887206, at *12 (D. Or. Nov. 21, 2019) (emphases added); *see also Karimian v. CMRE Fin. Servs. Inc.*, No. 2:12-CV-08359-SVW-CW, 2013 WL 12114825, at *4 (C.D. Cal. May 14, 2013) ("there is no private right of action for a violation under § 1681s-2(a)").

Stated differently, consumers like Plaintiff have no private right of action under Section 1681s-2(a) or its corresponding regulations, such as 12 C.F.R. § 1022.43. *See Prosser v. Cap. One Bank (USA), N.A.*, No. 1:20-CV-01117-TWP-TAB, 2021 WL 6050015, at *4 (S.D. Ind.

Page 12 - **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

Dec. 21, 2021) ("there is no private right of action under 1681s-2(a)(8) nor 12 C.F.R. 1022.43."); *Humphrey v. Trans Union LLC*, No. 16-CV-370-JDP, 2017 WL 1379405, at *4 (W.D. Wis. Apr. 17, 2017), *aff'd,* 759 F. App'x 484 (7th Cir. 2019) ("The FCRA specifically exempts violations of Section 1681s-2(a), including any associated regulations, from private civil liability and courts have held that the regulations themselves do not create a private right of action distinct from the FCRA").[1]

Thus, although Plaintiff appears to allege that he sent a direct credit reporting dispute to PennyMac, that alleged dispute cannot form the basis of any claim under the FCRA or 12 C.F.R. § 1022.43 as a matter of law. *See, e.g., Hesford v. Jefferson Cap. Sys.*, No. 18-CV-100-CJW, 2019 WL 124823, at *4 (N.D. Iowa Jan. 7, 2019) ("even if defendant violated the regulations promulgated under Section 1681s-2(a)(8) [i.e., 12 C.F.R. § 1022.43], plaintiff still would not have a private right of action against defendant."); *Humphrey*, 2017 WL 1379405, at *4 (finding that plaintiff's claim fails as a matter of law because there is no private right of action under 1681s-2(a)(8) nor § 12 C.F.R. 1022.43); *Prosser,* 2021 WL 6050015, at *4 (same).

### b. Plaintiff's Claim Under FCRA Section 1681s–2(b) Also Fails

To prevail on an FCRA claim under Section 1681s-2(b), a plaintiff must establish the following elements: "(1) the furnisher provided incomplete or inaccurate information to a CRA; (2) the plaintiff notified the CRA of the inaccuracy and the CRA then notified the furnisher; (3) the furnisher failed to conduct a reasonable investigation into the dispute and/or provide a

---

[1] Nor does a consumer's alleged "direct dispute" to PennyMac separately trigger any additional investigation obligations under Section 1681s-2(b) (i.e., where there is a private right of action, as discussed below) – any dispute must come directly from one of the credit bureaus to trigger reinvestigation obligations by furnishers. *Gorman*, 584 F.3d at 1154 (holding that a furnisher's duties under § 1681s-2(b) "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)."); *Nguyen*, 2019 WL 6887206, at *13 (same).

Page 13 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

corrected report to the CRA; and (4) the furnisher's actions caused the plaintiff actual damages." *Lawrence v. Paramount Residential Mortg. Grp., Inc.*, No. 3:19-CV-02103-JR, 2020 WL 6689371, at *2 (D. Or. July 20, 2020).

In this case, the Complaint fails to state a claim under Section 1681s-2(b). Plaintiff improperly asserts his claim against all "Defendants", without identifying how each Defendant supposedly engaged in FCRA violations. *See Warnshuis v. Bausch Health U.S., LLC*, No. 1:19-CV-1454 AWI BAM, 2020 WL 3294808, at *4 (E.D. Cal. June 18, 2020) ("complaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper.").

Additionally, Plaintiff has not and cannot allege that MERS and Fannie Mae were furnishers of credit reporting information when the Complaint concedes that it was *PennyMac* that furnished the disputed information at issue. (*See* Compl. at p. 3] (alleging that "*PennyMac* furnished" inaccurate information) (emphasis added)). The Complaint also fails to allege any plausible allegations demonstrating that any information furnished was "incomplete or inaccurate," or that PennyMac's investigation was unreasonable as required to state a claim. *See Lawrence*, 2020 WL 6689371, at *2.

Accordingly, Plaintiff's FCRA claim under Section 1681s-2(b) is fatally deficient.

### 3. Plaintiff's Alleged "Metro-2 Credit Reporting" Claim Fails Because "Metro 2" Is Not A Statute

Count 6 in the Complaint purports to assert a cause of action for "Metro-2 Credit Reporting Misconduct." (*See* Compl. at p. 5). However, "Metro 2" is not a statute, but rather a private credit reporting standard promulgated by the "Consumer Data Industry Association ('CDIA') [which] instructs creditors under the Metro 2 Format on how to accurately report credit information." *Giovanni v. Bank of Am., Nat. Ass'n*, No. C 12-02530 LB, 2013 WL 1663335, at

Page 14 - **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

*2 (N.D. Cal. Apr. 17, 2013); *Mestayer v. Experian Info. Sols., Inc*, No. 15-CV-03645-EMC, 2016 WL 7188015, at *3 (N.D. Cal. Dec. 12, 2016) (stating that "Metro 2" is the credit reporting "industry standard").  As the Ninth Circuit has explained, "CRAs receive credit information about borrowers and consumers from data furnishers, such as mortgage lenders and credit card companies.  Furnishers generally report their data to CRAs using an agreed-upon format, known as Metro 2." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 752 (9th Cir. 2018).  Thus, as a matter of law, Plaintiff's "Metro 2" claim must be dismissed.[2]

### 4.     *Plaintiff's Quiet Title Claim Fails*

"In Oregon, a quiet title action is an equitable action used to determine adverse claims, interests, or estates in real property." *Brown v. HSBC Bank USA, Nat. Ass'n*, No. 3:13-CV-317-MO, 2013 WL 5603292, at *4 (D. Or. Oct. 11, 2013) (citing O.R.S. 105.605).  "A judgment quieting title requires the plaintiff to 'prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants.'" *Id.* (citing *Coussens v. Stevens,* 200 Or. App. 165, 171 (2005)).

"To rely on the strength of their own title against a mortgagee defendant, the borrowing plaintiffs must 'expressly allege that: (1) his title is superior to that of defendants; and (2) the subject loan has been satisfied or that plaintiff is ready, willing and able to tender the full amount owed on the loan.'" *Oliver v. Delta Fin. Liquidating Tr.*, 2012 WL 3704954, at *5 (D. Or. Aug.

---

[2] To the extent Plaintiff is suggesting that he can state an FCRA claim by alleging non-compliance with Metro 2 guidelines, such an argument is equally unavailing.  "[D]istrict courts within the Ninth Circuit overwhelmingly have held that a violation of industry standards is insufficient, without more, to state a claim for violation of the FCRA." *Anderson v. Experian Info. Sols., Inc.*, No. 16-CV-03328-BLF, 2017 WL 914394, at *6 (N.D. Cal. Mar. 8, 2017) (finding that "Plaintiff's reliance on Metro 2 as an independent source of liability under the FCRA is unavailing."); *see also Otto v. TransUnion, LLC*, No. 6:21-CV-00379-AA, 2022 WL 787940, at *4 (D. Or. Mar. 15, 2022) ("With respect to Plaintiff's claim that Chase violated the FCRA by failing to comply with industry standards, that claim has similarly been rejected by district courts around the country.").

Page 15 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

27, 2012) (citations omitted).  A "mortgagor, however, cannot demonstrate that she has greater title over the subject property than the mortgagee when the subject property secures an outstanding indebtedness."  *Collier v. Wilmington Sav. Fund Soc'y, FSB as Tr. of Stanwich Mortg. Loan Tr. A*, No. 2:20-CV-681-HL, 2022 WL 1223253, at *2 (D. Or. Apr. 26, 2022) (internal citations and quotation marks omitted).

In this case, Plaintiff has not and cannot allege that he has superior title to PennyMac (or any of the other Defendants).  Indeed, Plaintiff concedes that the Loan is secured by a Deed of Trust and alleges that the Loan is in default.  (*See* Compl., at p. 2 (alleging existence of "2017 deed of trust"); *id.* at p. 3 (alleging he was served a "Notice of Default & Intent to Accelerate" with a "~$8,430.48" default amount)).  Plaintiff has not and cannot allege any facts to show his title is "superior" in this case.  Rather, the Complaint is based on a theory that PennyMac's title claim is weaker based on Plaintiff's alleged NOE/RFI and credit reporting disputes, which is not a proper basis to allege superior title.  *See Coussens*, 200 Or. App. at 171 (to prevail on a quiet title claim, plaintiff must "prevail on the strength of their own title as opposed to the weaknesses of defendants' title."); *Staton v. BAC Home Loans Servicing, L.P.*, No. CIV. 10-01306-AA, 2011 WL 2213800, at *9 (D. Or. June 3, 2011) (granting motion to dismiss quiet title claim, in part, because plaintiff does not "allege that she has title superior to that of defendants; rather, she only attacks defendants' title…").[3]

Moreover, it is well-established that "equitable relief does not lie if there is an adequate remedy at law."  *Alsea Veneer, Inc. v. State of Oregon,* 318 Or. 33, 43 (1993); *see also D'Ambrosio v. Sterling Sav. Bank*, No. 3:12-CV-01826-BR, 2013 WL 5744730, at *4 (D. Or.

---

[3] Further, in November 2025, MERS assigned all interest it had under the Deed of Trust to PennyMac through the Assignment and, thus, there is no title to quiet with respect to MERS. *See* RJN, Ex. B [Assignment].

Page 16 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

Oct. 22, 2013) (a "claim to quiet title cannot proceed when [plaintiff] simultaneously seeks other remedies, including for money damages.").

Here, the Complaint alleges that Defendants violated RESPA and the FCRA based on PennyMac's supposed failure to properly respond to certain letters and negative credit reporting. (*See* Compl. at pp. 2-3, 5).  As a result of this alleged conduct, Plaintiff seeks damages, including "actual, statutory, and punitive" damages.  (*Id.* at p. 7).  Thus, Plaintiff concedes he has an adequate remedy at law for the purported violations at issue.  Accordingly, he cannot obtain equitable relief through an action to quiet title.  *See Alsea Veneer, Inc.,* 318 Or. at 43; *D'Ambrosio*, 2013 WL 5744730, at *4.

### 5. The Remaining "Claims" Are Remedies, Not Independent Causes Of Action

Finally, the Complaint alleges claims for declaratory judgment (Count 1), an accounting (Count 3), and injunctive relief (Count 7).  (*See* Compl. at pp. 4-5).  However, these "claims" are remedies, not independent causes of action.  *See Ajetunmobi v. Clarion Mortg. Cap., Inc.*, 595 F. App'x 680, 684 (9th Cir. 2014) ("Declaratory and injunctive relief are remedies, not causes of action."); *Motameni v. Adams*, No. 3:21-CV-01184-HZ, 2022 WL 3682940, at *8 (D. Or. Aug. 25, 2022) ("An accounting is an equitable remedy, not a separate cause of action.").  Moreover, because Plaintiff has not stated any viable theory or claim against Defendants, he is not entitled to declaratory relief, injunctive relief, or an accounting, in any event.  These purported "claims," therefore, should be dismissed as well.

///

///

///

///

///

Page 17 -  **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.**

## V. CONCLUSION

Based on the foregoing, the Court should grant Defendants' motion and dismiss the Complaint in its entirety with prejudice.

DATED: December 22, 2025

SABIDO LAW, LLC

*/s/ Robert E. Sabido*

Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
Telephone: (971) 302-6236
Fax (503) 974-1673

Attorney for Defendants PennyMac Loan Services, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **MOTION TO DISMISS BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC'S, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC.** on the date indicated below, and on the following recipients, by:

☒ mail with postage prepaid, deposited in the US mail

Ivan Higgs
54248 Kalberer Rd
Scappoose, OR 97056

*Plaintiff, Pro Se*

DATED: December 22, 2025

*/s/ Robert E. Sabido*
Robert E. Sabido

Page 1 - CERTIFICATE OF SERVICE