# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

IVAN RICHARD HIGGS,

Plaintiff, In Propria Persona,

v.

PENNYMAC LOAN SERVICES, LLC;

FEDERAL NATIONAL MORTGAGE ASSOCIATION;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;

TICOR TITLE; and

LOANSTAR HOME LOANS, LLC,

Defendants.

Case No. 3:25-cv-02335-YY

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**LR 7-1(a) CERTIFICATION**

Plaintiff certifies that on February 3 and February 4, 2026, he conferred in good faith with

counsel for Defendants regarding this Motion via email.

Because Plaintiff has a documented speech impediment and PTSD, real-time phone conferral is

not feasible. Plaintiff therefore confers by email.

On February 3, 2026, Nathan R. Cleverley, counsel for Defendant TICOR TITLE, responded by email to Plaintiff's LR 7-1(a) conferral regarding the intended filings.

On February 4, 2026, Michael C. Sabido, counsel for Defendants PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., stated by email:
"For this limited instance, on behalf of PennyMac, FNMA, and MERS, you may indicate that you have conferred and that those Defendants object to both of your motions."

Plaintiff therefore certifies that Defendants object to the relief requested in this Motion.

## I. RELIEF REQUESTED

COMES NOW Plaintiff, IVAN RICHARD HIGGS, In Propria Persona, by special visitation and not general appearance, and respectfully presents this Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Dismiss.

Plaintiff requests an Order:
- Granting leave to file a Sur-Reply limited in scope and length; and   Directing that the Sur-Reply be deemed filed as of the date of the Court's Order or the date it is lodged.
Plaintiff does not seek to re-argue prior briefing. Plaintiff seeks only to respond to new characterizations and arguments raised for the first time in Defendants' Reply.

## II. GROUNDS FOR SUR-REPLY

Plaintiff timely filed an Opposition and Declaration addressing the arguments raised in Defendants' Motion to Dismiss.

In their Reply, Defendants introduced new themes and characterizations not contained in the opening motion, including:

a. Characterizing Plaintiff's Quiet Title claim as a "conspiracy" or "show-me-the-note" theory;

b. Suggesting Plaintiff seeks a "free house";

c. Minimizing Plaintiff's RESPA and FCRA presentments and resulting credit harm;

d. Treating a Corporate Assignment of Deed of Trust recorded after commencement of suit and filing of lis pendens as though it predated both events.

These new characterizations materially alter the framing of Plaintiff's claims and warrant a limited Sur-Reply so the Court is not left with unrebutted labels rather than the actual record.

## III. SCOPE LIMITATION

Plaintiff proposes that the Sur-Reply:

- Not exceed seven (7) pages;

- Raise no new claims;

- Attach no new exhibits;

- Address only the new characterizations and arguments raised in Defendants' Reply.

This narrow scope preserves judicial economy while ensuring fairness.

## IV. LEGAL BASIS AND MAXIMS

This Court has inherent authority to permit Sur-Replies where necessary to ensure fairness and an accurate record, particularly where new matters are raised in reply briefing.

**Maxims of Law** supporting this request include:

- Audi alteram partem — Let the other side be heard.

- Nemo debet inauditus condemnari — No one should be judged unheard.

- Actus curiae neminem gravabit — The act of the court shall prejudice no one.

- Ubi jus ibi remedium — Where there is a right, there is a remedy.

- Veritas nihil veretur nisi abscondi — Truth fears nothing but concealment.

- Fraus et dolus nemini patrocinari debent — Fraud and deceit aid no one.

- Lex non cogit ad impossibilia — The law does not compel the doing of impossibilities.

## V. SUMMARIZATION

WHEREFORE, Plaintiff respectfully presents that:

- A limited Sur-Reply is necessary to address new characterizations and arguments raised for the first time in Defendants' Reply;

- The proposed Sur-Reply is narrow in scope, short in length, and does not introduce new claims or exhibits; and

- Allowing the Sur-Reply will aid the Court in deciding the Motion to Dismiss on a complete and accurate understanding of Plaintiff's position and the existing record.

Plaintiff therefore requests that the Court grant leave to file a limited Sur-Reply as set forth above, and grant such other and further relief as the Court deems just and proper at law or in equity.

If it doesn't make logic, it doesn't make sense.

DATED this 5th day of February, 2026.

Respectfully presented,

/s/ Ivan R. Higgs

IVAN R. HIGGS, Pro Se

54248 Kalberer Rd.

Scappoose, Oregon 97056

(503) 543-2956

ivanhggs@yahoo.com

*Plaintiff reserves all rights and remedies at law and in equity.*

---

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of February, 2026, I served a true and correct copy of the foregoing:

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO

DEFENDANTS' MOTION TO DISMISS

by U.S. Certified Mail upon all counsel of record at their addresses of record.


/s/ Ivan R. Higgs

IVAN R. HIGGS, Pro Se