Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
SABIDO LAW, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

Attorney for Defendants PennyMac Loan Services, LLC,
Federal National Mortgage Association, and Mortgage
Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IVAN RICHARD HIGGS,<br><br>          Plaintiff,<br><br>   v.<br><br>PENNYMAC LOAN SERVICES, LLC;<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION (FANNIE MAE);<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC. ("MERS"); LOAN STAR<br>HOME LOANS, LLC dba LOANSTAR HOME<br>LENDING; TICOR TITLE; and DOES 1-10,<br><br>          Defendants. | Case No. 3:25-cv-02335-YY<br><br>**OMNIBUS OPPOSITION BY<br>BY DEFENDANTS PENNYMAC<br>LOAN SERVICES, LLC, FEDERAL<br>NATIONAL MORTGAGE<br>ASSOCIATION, AND MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC., TO PLAINTIFF'S<br>PENDING MOTIONS (DKT. NOS. 22<br>AND 23)** |

## I. INTRODUCTION

After Defendants[1] filed a Reply in support of their Motion to Dismiss (Dkt. 8), Plaintiff

Ivan Higgs ("Plaintiff") filed two additional motions seeking leave to (1) lodge a supplemental

---

[1] Defendants PennyMac Loan Services, LLC ("PennyMac"), Federal National Mortgage
Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") are
collectively referred to in this brief as "Defendants".

Page 1 -  OMNIBUS OPPOSITION BY DEFENDANTS PENNYMAC LOAN
          SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION,
          AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC., TO
          PLAINTIFF'S PENDING MOTIONS (DKT. NOS. 22 AND 23)

declaration and exhibits ("Motion to Lodge"), and (2) file a sur-reply in opposition to Defendants' Motion to Dismiss ("Motion for Leave to File Sur-Reply"). Neither motion has merit.

Plaintiff's Motion to Lodge additional materials and purported "evidence" is procedurally improper at the motion to dismiss stage and, in effect, underscores the deficiencies in the operative Complaint. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the Complaint, not matters beyond the pleadings or whether Plaintiff has purported evidence to support his claims. Plaintiff's continued attempt to submit new materials in opposition to Defendants' Motion to Dismiss – particularly now after briefing has closed – is unwarranted.

Plaintiff's Motion for Leave to File Sur-Reply suffers from similar defects. Neither the Local Rules nor the Federal Rules of Civil Procedure permit the filing of a sur-reply brief, and Plaintiff has offered no justification for such relief. Further, contrary to Plaintiff's assertions, Defendants did not raise new arguments in their Reply. Rather, Defendants merely responded to Plaintiff's declaration and additional arguments he introduced for the first time in opposing Defendants' Motion to Dismiss. Accordingly, both of Plaintiff's motions should be denied.

## II. DISCUSSION

### A. Plaintiff's Motion to Lodge Supplemental Declaration and Exhibits Should Be Denied

Plaintiff contends that his Motion to Lodge contains a purported "offer of proof so the record is complete for all subsequent review." (Motion to Lodge [Dkt. 20], p. 2). This confusing contention is procedurally improper.

Indeed, Plaintiff's request is outside the scope of a Rule 12(b)(6) motion to dismiss. At the pleading stage, courts evaluate the sufficiency of the operative complaint – not the existence of any evidence or "offers of proof" concerning a plaintiff's claims. *See Gillette v. Malheur*

Page 2 - OMNIBUS OPPOSITION BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC., TO PLAINTIFF'S PENDING MOTIONS (DKT. NOS. 22 AND 23)

*Cnty.*, No. 2:14-CV-01542-SU, 2015 WL 2365405, *1 (D. Or. May 15, 2015) ("A motion to dismiss under Rule 12(b)(6) 'tests the legal sufficiency of a claim,' whether the *complaint* pleads enough facts to state a claim to relief that is plausible on its face.") (emphasis added); *see also Hartman v. Canyon Cnty.*, No. 1:20-CV-00026-CWD, 2021 WL 4847426, at *4 (D. Idaho Oct. 18, 2021) ("Evidence from outside the pleadings is generally improper for a motion to dismiss made pursuant to Rule 12(b)(6)"). Here, Plaintiff appears to be attempting to submit additional correspondence between Plaintiff and PennyMac as evidence for the Court's consideration, without any explanation of how or why doing so is relevant to the Motion to Dismiss or the Complaint. As noted, however, Plaintiff cannot submit evidence or alleged "proof" in connection with the Court's review of Defendants' Motion to Dismiss. Nor can he escape the Complaint's deficient allegations by pointing to extrinsic documents that go beyond the pleadings.

Further, Plaintiff already submitted a Declaration in Opposition to Defendants' Motion to Dismiss. (*See* Dkt. 14).[2] To the extent Plaintiff believed any additional documents were appropriate or necessary to resolve the Motion to Dismiss, Plaintiff could have included them in his previously filed Declaration. Plaintiff offers no justification for his attempt to submit a *second* declaration. Although Plaintiff argues that he should be entitled to present these letters because they were allegedly "not docketed" in state court after he filed the original Complaint[3], this argument has nothing to do with the sufficiency of his operative Complaint or failure to

---

[2] In fact, Plaintiff appears to be re-submitting certain documents he already attached to his first declaration in Opposition to Defendants' Motion to Dismiss. (*Compare* Dkt. 22-2, Suppl. Exhibits, p. 7 (letter dated 8/5/25 from PennyMac), *with* Dkt. 14-1, Declaration Exhibits, p. 48 (attaching same letter)).

[3] Indeed, none of these documents were attached to the Complaint. (*See generally* Complaint (Dkt. 1-1)).

Page 3 -  OMNIBUS OPPOSITION BY DEFENDANTS PENNYMAC LOAN
          SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION,
          AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC., TO
          PLAINTIFF'S PENDING MOTIONS (DKT. NOS. 22 AND 23)

include any additional documents with his previously filed Declaration.  (*See* Motion to Lodge, p. 3).  Nor are they tethered to any specific arguments.

In reality, the Motion to Lodge appears to be yet another attempt to cure the deficiencies in the scant Complaint.  Plaintiff's repeated efforts to do so through another impermissible declaration are improper at the pleading stage.  If Plaintiff believed additional facts were warranted, the appropriate procedural mechanism would have been to seek leave to amend the Complaint – not submit purported evidentiary materials after briefing on Defendants' Motion already closed.  Accordingly, the Motion to Lodge should be denied.

**B.      Plaintiff's Motion for Leave to File a Sur-Reply Should Be Denied**

Sur-replies are disfavored and only permitted with leave of court.  *See* L.R. 7-1(e) ("Other Memoranda: Unless directed by the Court, no further briefing is allowed."); *Valhalla Custom Homes, LLC v. City of Portland*, No. 3:21-CV-00225-JR, 2022 WL 796012, at *1 (D. Or. Mar. 16, 2022), *aff'd,* No. 22-35303, 2023 WL 4700636 (9th Cir. July 24, 2023) (denying motion for leave to file surreply, finding plaintiff was not entitled to "file a surreply to the underlying motion to dismiss"); *Knebel v. St. Helens Cmty. Fed. Credit Union*, No. 3:13-CV-00208-HZ, 2013 WL 2243934, at *4 (D. Or. May 21, 2013) ("Under Local Rule 7(e)(3), no briefing after a reply is allowed unless directed by the Court. Plaintiff offers no compelling reason supporting a surreply. . . . Furthermore, contrary to Plaintiff's assertion, Defendant does not raise new arguments in its reply[.]").

Here, Plaintiff offers no persuasive justification warranting a sur-reply.  Although Plaintiff contends that Defendants "re-characterized" Plaintiff's allegations through arguments raised in their Reply – without identifying any specific arguments – that contention is unsupported.  To the contrary, Plaintiff's Opposition expanded the scope of his original Complaint by attempting to introduce new theories, allegations, and extrinsic documents that

Page 4 -  OMNIBUS OPPOSITION BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC., TO PLAINTIFF'S PENDING MOTIONS (DKT. NOS. 22 AND 23)

were not previously pleaded.  Defendants' Reply did nothing more than respond to those newly raised matters and explain why they still failed to cure the Complaint's deficiencies.  (*See, e.g.*, Defendants' Reply (Dkt. 19), pp. 2-4 (highlighting Plaintiff's improper attempt to introduce new evidence and theories in opposition to Defendants' Motion to Dismiss)).  Plaintiff is not entitled to file a sur-reply just because he disagrees with Defendants' arguments or wants to have the last word even after briefing is already completed.  Because Plaintiff has shown no grounds warranting additional briefing, the Motion for Leave to File Sur-Reply should be denied.

### III.  CONCLUSION

Defendants respectfully request that the Court grant their motion and dismiss the Complaint with prejudice.

DATED:  February 19, 2026

SABIDO LAW, LLC

*/s/ Robert E. Sabido*

Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
Telephone: (971) 302-6236
Fax (503) 974-1673

Attorney for Defendants PennyMac Loan Services, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing **OMNIBUS OPPOSITION BY DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC., TO PLAINTIFF'S PENDING MOTIONS (DKT. NOS. 22 AND 23)** on the date indicated below, and on the following recipients, by:

☒ electronic service

Ivan Higgs
54248 Kalberer Rd
Scappoose, OR 97056

*Plaintiff, Pro Se*

Matthew R. Cleverley
Fidelity National Law Group
601 Union Street, Suite 3225
Seattle, WA 98101
(206) 224-6003

*Attorney for Ticor Title*

DATED:  February 19, 2026

*/s/ Robert E. Sabido*
Robert E. Sabido

Page 1 - CERTIFICATE OF SERVICE