Ivan R. Higgs
54248 Kalberer Rd Scappoose,
Oregon 97056 (503) 543-2956
ivanhggs@yahoo.com Plaintiff,
Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

IVAN RICHARD HIGGS,
Plaintiff,
v.
PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS);
LOAN STAR HOME LOANS, LLC d/b/a LOANSTAR HOME LENDING;
TICOR TITLE; and DOES 1-10,
Defendants.

Case No. 3:25-cv-02335-YY

**DECLARATION OF IVAN R. HIGGS IN SUPPORT OF RULE 65 MOTION**

I, Ivan R. Higgs, declare as follows:

1. I am the Plaintiff in this action. I am over eighteen years old and competent to testify. I make this declaration from my personal knowledge and from records I have reviewed.

2. My wife and I live at the property located at 54248 Kalberer Rd, Scappoose, Oregon 97056. This is our home.

3. In 2017, I obtained a mortgage loan from LoanStar Home Loans, LLC d/b/a LoanStar Home Lending to purchase the Property. The Deed of Trust identifies LoanStar as lender, Ticor as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee/beneficiary.

4. Jennifer Thomson, now Jennifer Higgs, signed the Deed of Trust. Jennifer did not sign the Note. Jennifer is my wife, co-owner, grantor/trustor, and occupant of the Property.

5. PennyMac admitted in writing that servicing of my loan transferred from LoanStar to PennyMac effective August 1, 2017. PennyMac also identified Fannie Mae as owner/investor and identified Fannie Mae pool/trust number BH4959.

6. I reviewed MERS records showing the loan was registered by LoanStar shortly after origination, servicing transferred to PennyMac, and beneficial-rights activity involved Fannie Mae. I dispute whether the MERS records establish actual authority to assign my Note, Deed of Trust, beneficial interest, money due, and accrued rights to PennyMac.

7. I reviewed Oregon licensing records showing PennyMac's Oregon Mortgage Servicer License MS-47 and status history. Based on those records, I dispute whether PennyMac had an active Oregon mortgage-servicer license or valid exemption for all servicing, collection, escrow, credit-reporting, default, acceleration, foreclosure-referral, and trustee-sale activity at issue.

8. In 2025, I sent written requests, notices of error, requests for information, and follow-up letters to PennyMac concerning servicing, escrow, insurance, accounting, credit reporting, ownership, and foreclosure authority. PennyMac did not provide all requested authority and accounting records.

9. PennyMac acknowledged my inquiry and stated that if the inquiry concerned a payment dispute, PennyMac would not furnish adverse information to consumer reporting agencies regarding the disputed payment for 60 days. I later saw negative credit reporting on my credit reports while the disputes were active.

10. I filed this action and recorded a lis pendens concerning the Property. The recorded lis pendens is Columbia County Instrument No. 2025-006555. I understand that the lis pendens gave public notice of my title, possession, and foreclosure-authority dispute.

11. After my lawsuit and lis pendens were already in play, a Corporate Assignment of Deed of Trust was recorded on November 25, 2025, as Instrument No. 2025-06917. That Corporate Assignment purports to assign the Deed of Trust, Note, beneficial interest, money due, and accrued rights from MERS to PennyMac. I dispute whether MERS had lawful capacity and actual authority to execute that assignment.

12. I sought targeted discovery concerning the November 25, 2025 Corporate Assignment, the original promissory Note, notary/vendor logs, powers of attorney, corporate resolutions, vendor contracts, and related authorization documents. I did this because the assignment and authority chain are central to the foreclosure dispute.

13. I have continued to investigate LoanStar because the Note and Deed of Trust begin with LoanStar. I attempted service on LoanStar and later investigated the successor-entity trail involving Commerce Home Mortgage, Change Home Mortgage, Change Home Loans, Change Lending, Paracorp, and Data Research.

14. The difficulty serving LoanStar has not been caused by bad faith or delay by me. It has been caused by corporate acquisition, name changes, inactive registry status, registered-agent issues, and confusion over the proper entity or agent for service.

15. On or about June 11, 2026, I was handed trustee-sale papers at my home. The papers concerned my home being put up for auction on October 13, 2026.

16. Jennifer was at work when the papers were delivered. The papers were handed to me, Ivan Higgs. Jennifer was not personally handed the papers in my presence.

17. The person who delivered the papers did not, in my presence, ask to personally serve Jennifer, wait for Jennifer, or make a separate personal-service attempt on Jennifer.

18. As of the date of this declaration, I am not aware of Jennifer receiving separate personal service, first-class mail, certified mail with return receipt requested, occupant-service notice, or any separate statutory trustee-sale notice addressed to her.

19. I have not received any affidavit of mailing, affidavit of service, affidavit of service attempts and posting, affidavit of publication, certified-mail receipt, USPS tracking record, process-server declaration, or other proof showing statutory notice compliance as to Jennifer.

20. I dispute whether Clear Recon Corporation has lawful successor trustee authority. I have not been provided a complete recorded Appointment/Substitution of Successor Trustee, Notice of Default and Election to Sell, Notice of Trustee's Sale record, affidavits of mailing, affidavits of service, affidavits of posting, affidavits of publication, or proof of statutory compliance.

21. I have not received any response from Clear Recon Corporation to date that resolves the authority, reinstatement, payoff, notice, or foreclosure-compliance issues.

22. I am not seeking a free house. I am willing to cure once the lawful creditor, lawful authority, and correct amount are proven. I have disputed who has authority to demand payment, whether the accounting is accurate, and whether the foreclosure chain is lawful.

23. If the trustee sale proceeds, my wife and I face the loss of our home. The home is unique, and the harm cannot be fully repaired by money damages after the sale.

24. My wife was deeply upset and frightened by the trustee-sale papers. The sale threat has caused substantial emotional distress in our household.

25. I request that the Court preserve the status quo and stop the trustee sale until Defendants and Clear Recon produce proof of lawful beneficiary authority, lawful servicer authority, lawful successor-trustee authority, statutory notice compliance, and the correct cure/payoff amounts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: June 14th, 2026, at Scappoose, Oregon.

By: [signature]
Ivan R. Higgs