**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

IVAN RICHARD HIGGS,
Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC;
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE);
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS);
LOAN STAR HOME LOANS, LLC d/b/a LOANSTAR HOME LENDING;
TICOR TITLE; and DOES 1-10,

Defendants.

Case No. 3:25-cv-02335-YY

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

This matter comes before the Court on Plaintiff Ivan Richard Higgs's Emergency Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction. The Court has reviewed the motion, the Declaration of Ivan R. Higgs, the Declaration of Jennifer Higgs, and the supporting exhibits.

The Court finds that:

1. Plaintiff has demonstrated a likelihood of success on the merits of his claims, including:

a. Violations of Oregon statutory notice requirements (ORS 86.756, 86.764, 86.774) as to co-grantor Jennifer Higgs;

b. Disputed authority of MERS to assign the Deed of Trust to PennyMac in November 2025, more than eight years after loan securitization and eighteen days after Plaintiff recorded a lis pendens;

c. Disputed authority of Clear Recon Corporation to conduct the trustee's sale;

d. Violations of RESPA (12 C.F.R. § 1024.35, § 1024.36) and FCRA (15 U.S.C. § 1681s-2(b));

2. Plaintiff and Jennifer Higgs will suffer immediate and irreparable harm if the trustee's sale proceeds on October 13, 2026, including the loss of their home, which is unique and cannot be adequately compensated by monetary damages;

3. The balance of equities tips in Plaintiff's favor;

4. The public interest favors halting a foreclosure that is procedurally defective and violates Oregon statutory protections;

5. Immediate relief is necessary to preserve the status quo pending resolution of this matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**1. TEMPORARY RESTRAINING ORDER ISSUED:**

Defendants PennyMac Loan Services, LLC, Federal National Mortgage Association (Fannie Mae), Mortgage Electronic Registration Systems, Inc. (MERS), Clear Recon Corporation, and their agents, employees, attorneys, successors, assigns, and all persons in active concert or participation with them who receive actual notice of this Order are IMMEDIATELY ENJOINED AND RESTRAINED from:

a. Conducting, proceeding with, or completing the trustee's sale of the property located at 54248 Kalberer Rd, Scappoose, Oregon 97056 scheduled for October 13, 2026;

b. Conducting any other trustee's sale or foreclosure sale of the Property;

c. Recording any Trustee's Deed or taking any action to transfer title to the Property;

d. Taking any action to dispossess Plaintiff or Jennifer Higgs from the Property;

e. Taking any action that would interfere with Plaintiff's and Jennifer Higgs's quiet possession and use of the Property; pending further order of this Court

**2. DOCUMENT PRODUCTION ORDERED:**

Within ten (10) calendar days of the date of this Order, Clear Recon Corporation, PennyMac Loan Services, LLC, and MERS (and any other party claiming foreclosure authority) shall produce to Plaintiff the following documents:

a. Complete recorded chain of assignments of the Deed of Trust from LoanStar Home Loans, LLC to PennyMac Loan Services, LLC or the current beneficiary;

b. Documentary evidence of MERS's authority to execute the Corporate Assignment of Deed of Trust recorded November 25, 2025, as Columbia County Instrument No. 2025-06917, including corporate resolutions, powers of attorney, and agency agreements;

c. Proof that Jennifer Higgs received statutory notice of the trustee's sale by certified mail with return receipt requested as required by ORS 86.756 and 86.764, including the certified mail receipt and signed return receipt (green card);

d. Affidavits of mailing and service filed in the Columbia County records as required by ORS 86.774, showing compliance with statutory notice requirements as to Jennifer Higgs;

e. Recorded Appointment/Substitution of Successor Trustee appointing Clear Recon Corporation as successor trustee;

f. Complete accounting showing the amount necessary to cure the alleged default and reinstate the loan, including an itemized breakdown of principal, interest, fees, costs, and escrow;

g. All documents responsive to Plaintiff's written demand sent to Clear Recon Corporation on June 12, 2026, pursuant to ORS 86.786 and 86.789.

**3. ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION:**

Clear Recon Corporation, PennyMac Loan Services, LLC, MERS, and Fannie Mae are ORDERED TO SHOW CAUSE, if any they have, why a preliminary injunction should not issue enjoining the trustee's sale pending final resolution of this action.

Any opposition to Plaintiff's request for preliminary injunction shall be filed within fourteen (14) days of the date of this Order.

Plaintiff's reply, if any, shall be filed within seven (7) days after Defendants' opposition is filed.

The Court will hold a hearing on the preliminary injunction on [DATE] at [TIME] in Courtroom [NUMBER], United States Courthouse, 1000 SW Third Avenue, Portland, Oregon 97204.

**4. SECURITY:**

Plaintiff has posted security in the amount of $5,000.00 as required by Federal Rule of Civil Procedure 65(c).

Accordingly, pursuant to Federal Rule of Civil Procedure 65(c), the Court WAIVES the security requirement, and no bond is required.

**5. NOTICE AND SERVICE:**

Plaintiff shall serve a copy of this Temporary Restraining Order on Clear Recon Corporation, PennyMac Loan Services, LLC, MERS, Fannie Mae, and all counsel of record within two (2) business days of the date of this Order by certified mail and first-class mail, and shall file a Certificate of Service within three (3) business days of completing service.

**6. BINDING EFFECT:**

This Temporary Restraining Order is binding upon Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

**7. DURATION:**

This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date of this Order, unless extended by the Court for good cause shown or unless a preliminary injunction is issued. This Temporary Restraining Order shall remain in effect until the hearing on the preliminary injunction is held and the Court rules on Plaintiff's request for a preliminary injunction.

**8. EXPEDITED BRIEFING AND HEARING:**

The Court finds that this matter requires expedited resolution. The parties shall comply with the briefing schedule set forth above, and the Court will hold an expedited hearing on the preliminary injunction as scheduled.

**IT IS SO ORDERED.**

DATED: _______________, 2026

__________________________________

Honorable _______________________

United States District Judge