UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

IVAN RICHARD HIGGS,

      Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC, et al.,

      Defendants.

Case No. 3:25-cv-02335-YY

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

## I. INTRODUCTION

Plaintiff Ivan Richard Higgs respectfully submits this Supplemental Brief in Support of his Emergency Motion for Temporary Restraining Order and Preliminary Injunction, filed July 24, 2026. This brief incorporates and references the exhibits submitted concurrently with this filing and emphasizes critical evidence demonstrating why this Court must immediately halt the October 13, 2026 foreclosure sale.

The evidence attached to this motion--including professional securitization audits, corporate assignment records, statutory notice failures, and proof of Clear Recon's refusal to respond--establishes that this foreclosure is procedurally defective, violates Oregon statutory protections, and is being pursued by parties who cannot prove lawful authority to foreclose.

This is not a case about avoiding a debt. This is a case about requiring Defendants to comply with the law before stripping Plaintiff and his wife of their home.

## II. THE EXHIBITS DEMONSTRATE FATAL DEFECTS IN THE FORECLOSURE

**A. Jennifer Higgs Did Not Receive Statutory Notice (Exhibits A, T, U, V)**

Exhibit A is the Deed of Trust dated June 26, 2017. It shows that Jennifer Higgs (nee Jennifer Thomson) signed as co-grantor and holds record title to the Property. Under ORS 86.752(1), Jennifer is a "grantor" entitled to all statutory notice protections.

ORS 86.756 and 86.764 require that the trustee mail notice to each grantor by BOTH first class mail AND certified mail with return receipt requested. Jennifer received only first-class mail. She did not receive certified mail with return receipt requested, and she never signed for any certified mail. (Declaration of Jennifer Higgs ¶ 5).

Oregon law requires strict compliance with statutory notice requirements. NW Property Wholesalers, LLC v. Scott, 361 Or. 644, 651, 398 P.3d 476 (2017). The failure to send certified mail with return receipt requested to Jennifer Higgs is a fatal statutory defect that requires this Court to halt the foreclosure.

Moreover, ORS 86.774(7) requires the trustee to file an affidavit showing compliance with the mailing requirements. Plaintiff demanded this proof from Clear Recon Corporation on June 12, 2026 (Exhibit T). Clear Recon received Plaintiff's demand (Exhibit V shows signed return receipt) but has refused to respond. Clear Recon's silence speaks volumes: it cannot produce proof of statutory compliance because no such proof exists.

**B. The Post-Lis Pendens Assignment Shows PennyMac Took With Notice (Exhibits K, L)**

Exhibit K is Plaintiff's Notice of Pendency of Action (Lis Pendens), recorded November 7, 2025, as Columbia County Instrument No. 2025-006555. Under ORS 93.740, this lis pendens gave constructive notice to all persons of Plaintiff's claims disputing the foreclosure authority and chain of title.

Exhibit L is the Corporate Assignment of Deed of Trust from MERS to PennyMac, recorded November 25, 2025--18 days AFTER the lis pendens. This means PennyMac acquired any interest in the Deed of Trust with full constructive notice of Plaintiff's claims.

Any interest acquired after a lis pendens is recorded is subject to the claims asserted in the lawsuit. PennyMac cannot rely on this late-recorded, post-lawsuit assignment to establish its authority to foreclose. It took subject to Plaintiff's lis pendens and all claims asserted herein.

**C. The Securitization Audits Prove a Broken Chain of Title (Exhibits W, X, C)**

Exhibits W and X are professional securitization audit reports analyzing Plaintiff's loan. These reports confirm that Plaintiff's loan was securitized into Fannie Mae REMIC Trust 2017-59 on July 31, 2017--less than one month after loan origination.

Exhibit W states explicitly: "The Deed of Trust was never transferred."

This finding is corroborated by Exhibit C, a letter from PennyMac dated August 18, 2025, admitting that Fannie Mae is the owner/investor of the loan and identifying Fannie Mae pool/trust number BH4959.

If Plaintiff's Note was transferred into the Fannie Mae trust on July 31, 2017, then the Deed of Trust should have been transferred at the same time. The Note and Deed of Trust cannot be split under Oregon law. See Brandrup v. ReconTrust Co., 303 Or. App. 274, 464 P.3d 1222 (2020); Niday v. GMAC Mortg., LLC, 251 Or. App. 278, 284 P.3d 1157 (2012).

The fact that MERS did not record an assignment until November 25, 2025--more than eight years after securitization and 18 days after Plaintiff's lis pendens--raises serious questions:

- • Did MERS ever have authority to assign the Deed of Trust?

- • Was the November 2025 assignment an improper attempt to "fix" a broken chain of title?
- • Is the foreclosure being pursued by parties lacking standing?

MERS, as a mere nominee, never held the beneficial interest in the Deed of Trust. Fannie Mae owned the loan from July 2017 forward (Exhibits C, W, X). MERS had no authority to assign what it never owned.

This Court should not allow a foreclosure to proceed based on a defective, post-lis-pendens assignment executed by a party with no authority.

### D. Clear Recon Cannot Prove Its Authority (Exhibits T, U, V)

Exhibit T is a demand letter dated June 12, 2026 to Clear Recon Corporation via certified mail per ORS 86.786 and 86.789. In this letter, Plaintiff demanded the following documents: Appointment/Substitution of Successor Trustee, Notice of Default, Notice of Trustee's Sale, proof of service, and proof of beneficiary authority.

Exhibit U is the USPS Certified Mail Receipt (tracking number 7569 0710 5270 2917 5140 43) evidencing Plaintiff's mailing of the demand letter.

Exhibit V is the signed return receipt proving Clear Recon Corporation received the demand letter.

Clear Recon has not responded to Plaintiff's written demand.

ORS 86.786 and 86.789 require a trustee to provide information upon written request. Clear Recon's refusal to respond raises serious questions about its authority to act as trustee in this matter.

If Clear Recon had proper authority to conduct this foreclosure, it would have responded to Plaintiff's statutory demand and produced the requested documents. Its silence demonstrates that it cannot produce what Plaintiff requested.

### E. Plaintiff's Willingness to Cure (Exhibits G, H)

Exhibit G is Plaintiff's Qualified Written Request and Notice of Error dated August 11, 2025 to PennyMac via certified mail. This letter expressly states Plaintiff's willingness to "remit the undisputed amount--or tender in full--upon receipt of complete accounting."

Exhibit H is Plaintiff's second written request dated August 29, 2025 via certified mail (tracking number 7015 3430 0000 7516 9960), reiterating his willingness to cure upon receiving proper documentation.

This evidence demolishes any claim that Plaintiff is seeking a "free house." To the contrary, Plaintiff has been asking repeatedly in writing via certified mail for proof of authority and an accurate accounting.

Defendants have refused to provide the requested proof and instead proceeded with foreclosure based on a defective chain of title.

### III. THE WINTER FACTORS SUPPORT PRELIMINARY INJUNCTION

A party seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) likelihood of irreparable harm; (3) the balance of equities tips in the party's favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

### A. Likelihood of Success on the Merits

1. Statutory Notice Violation: Jennifer Higgs did not receive certified mail per ORS 86.756 and 86.764. This is a fatal defect. NW Property Wholesalers, 361 Or. at 651.

2. Post-Lis Pendens Assignment: PennyMac acquired its interest subject to the November 7, 2025 lis pendens. The November 25, 2025 assignment cannot cure the defective chain because PennyMac took with constructive notice. ORS 93.740.

3. MERS Lack of Authority: MERS as a mere nominee never held the beneficial interest and had no authority to assign the Deed of Trust to PennyMac in November 2025. Brandrup, 303 Or. App. 274; Niday, 251 Or. App. 278. The securitization audits and PennyMac's own admissions prove that Fannie Mae owned the loan from July 2017 forward.

4. Clear Recon's Failure to Respond: Clear Recon received Plaintiff's written demand under ORS 86.786 and 86.789 but refused to respond. This raises serious questions about its authority to act as trustee.

5. RESPA and FCRA Violations: PennyMac failed to respond to Qualified Written Requests and violated credit-reporting restrictions during active disputes. 12 C.F.R. § 1024.36; 12 C.F.R. § 1024.35(i)(1); 15 U.S.C. § 1681s-2(b).

### B. Irreparable Harm

The October 13, 2026 foreclosure will result in the irreparable loss of Plaintiff's home. Real property is unique, and its loss cannot be compensated by monetary damages. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 841 (9th Cir. 2001).

Once the Property is sold at foreclosure, Plaintiff will lose: his home and residence; his equity in the Property; his ability to cure and reinstate the loan; and his right to challenge the authority of the foreclosing parties.

This harm is imminent, concrete, and cannot be undone.

### C. Balance of Equities

The balance of equities tips sharply in Plaintiff's favor. Plaintiff faces imminent and irrepaable loss of his home based on a procedurally defective foreclosure.

Defendants suffer no harm from a temporary delay in the foreclosure. If Defendants can prove their authority and compliance with Oregon law, they can proceed with foreclosure after the Court resolves the merits of this case.

Plaintiff has repeatedly demonstrated his willingness to cure upon receiving proof of authority and an accurate accounting (Exhibits G, H). This case is not about avoiding a debt--it is about requiring Defendants to comply with the law.

### D. Public Interest

The public interest strongly favors halting a procedurally defective foreclosure.

Oregon's Trust Deed Act requires strict compliance with statutory procedures to prevent wrongful foreclosures. NW Property Wholesalers, 361 Or. at 651.

Allowing this foreclosure to proceed despite: (1) failure to provide statutory notice to Jennifer Higgs; (2) a defective post-lis-pendens assignment; (3) a broken chain of title confirmed by independent audits; (4) Clear Recon's refusal to respond to statutory demands; and (5)

unresolved federal violations would undermine public confidence in the foreclosure process and the rule of law.

The public interest favors requiring Defendants to prove their authority and comply with Oregon law before stripping a family of their home.

## IV. RELIEF REQUESTED

For the reasons set forth in the Emergency Motion for Preliminary Injunction and this Supplemental Brief, Plaintiff respectfully requests that this Court:

1. Issue a preliminary injunction immediately enjoining Defendants PennyMac Loan Services, LLC, Federal National Mortgage Association, MERS, Clear Recon Corporation and all persons in active concert or participation with them from conducting, proceeding with, or completing the trustee's sale scheduled for October 13, 2026 or any other sale of the Property, pending final resolution of this action.

2. Order Defendants to produce within 10 days:

   a. Complete recorded chain of assignments from LoanStar Mortgage, LLC to PennyMac or the current beneficiary

   b. Proof of authority for MERS to execute the November 25, 2025 Corporate Assignment

   c. Proof that Jennifer Higgs received statutory notice by certified mail with return receipt per ORS 86.756 and 86.764

   d. Affidavits of mailing and service showing compliance with ORS 86.774

e. Complete Appointment/Substitution of Successor Trustee appointing Clear Recon Corporation

f. Complete accounting showing the amount required to cure and reinstate

g. All documents responsive to Plaintiff's June 12, 2026 demand under ORS 86.786 and 86.789

3. Set an expedited hearing on Plaintiff's request for preliminary injunction.

4. Waive the security requirement under Rule 65(c), or set a nominal bond given the serious statutory violations, disputed chain of title, and Plaintiff's demonstrated willingness to cure.

5. Grant such other and further relief as the Court deems just and proper.

DATED: July 24, 2026

Respectfully submitted,

/s/ Ivan R. Higgs

Ivan R. Higgs

Plaintiff, Pro Se

54248 Kalberer Rd

Scappoose, Oregon 97056

(503) 543-2956

ivanhggs@yahoo.com