Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
SABIDO LAW, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile:  (503) 974-1673

Pavel Ekmekchyan (Admitted *Pro Hac Vice*)
pavel@yumollp.com
YU MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 985-2007

> Attorneys for Defendants PennyMac Loan Services, LLC,
> Federal National Mortgage Association, and Mortgage
> Electronic Registration Systems, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| IVAN RICHARD HIGGS,<br><br>    Plaintiff,<br><br>  v.<br><br>PENNYMAC LOAN SERVICES, LLC;<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION (FANNIE MAE);<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC. ("MERS"); LOAN STAR<br>HOME LOANS, LLC dba LOANSTAR HOME<br>LENDING; TICOR TITLE; and DOES 1-10,<br><br>    Defendants. | Case No. 3:25-cv-02335-YY<br><br>**DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Defendants PennyMac Loan Services, LLC ("PennyMac"), Federal National Mortgage

Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS")

///

Page 1 -  **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

(collectively, "Defendants") submit this opposition to Plaintiff Ivan Higgs's ("Plaintiff") Motion for Temporary Restraining Order and Preliminary Injunction ("Motion").  (*See* Dkts. 47, 58-59).

## I.  INTRODUCTION

Plaintiff seeks an order enjoining a foreclosure sale scheduled for October 13, 2026. Defendants removed this lawsuit in December 2025, and shortly thereafter filed a motion to dismiss the Complaint.  (*See* Dkt. 1 [Notice of Removal], Dkt. 8 [Motion to Dismiss]).  Since then, the sufficiency of Plaintiff's claims has been extensively briefed and considered by the Honorable Magistrate Judge Youlee You.  The parties appeared for two hearings on Defendants' motion to dismiss, on May 19, 2026, and on July 16, 2026.  (*See* Dkts. 43, 61).  After the first hearing, Plaintiff requested and was afforded additional time to prepare to address the arguments raised in Defendants' motion to dismiss.  (*See* Dkt. 43).  After the second hearing, Plaintiff was given the opportunity to demonstrate how he proposed to cure the deficiencies in his Complaint by submitting a Proposed Amended Complaint for the Honorable Magistrate Judge's consideration.  (*See* Dkt. 56 [Proposed Amended Complaint], Dkt. 61 [Minutes]).

After evaluating Plaintiff's original Complaint, the parties' briefs and arguments, and Plaintiff's Proposed Amended Complaint, the Honorable Magistrate Judge issued Findings and Recommendations on August 5, 2026 ("the F&Rs"), concluding that Plaintiff had failed to state any viable claim for relief and recommending that Defendants' motion to dismiss be granted without further leave to amend.  (*See* Dkt. 62 [Findings and Recommendations, p. 17]).  Notwithstanding the multiple opportunities provided to Plaintiff to address the sufficiency of his claims, the Honorable Magistrate Judge concluded that Plaintiff is unable to cure them.  (*Id.*).

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion given his inability to demonstrate a likelihood of success on the merits in light of the F&Rs.  If the Court

Page 2 -  **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

adopts the F&Rs, Plaintiff will necessarily be unable to state any viable claim for relief. Moreover, in any event, Plaintiff cannot obtain injunctive relief as a remedy to any of his claims as demonstrated below. Alternatively, Defendants respectfully request that the Court defer consideration of the Motion and any related briefing deadlines pending a final decision on the F&Rs so that the parties are not required to fully brief a request for preliminary injunctive relief that may be rendered moot by dismissal of this lawsuit.

## II.    LEGAL ARGUMENT

**A.    The Findings and Recommendations Warrant Outright Denial of Plaintiff's Motion Or, at a Minimum, Deferral Until The Court Determines Whether To Adopt Them**

A preliminary injunction or TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A moving plaintiff seeking a TRO or preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). The standard for issuing a temporary restraining order and preliminary injunction is the same under Federal Rule of Civil Procedure 65. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Plaintiff cannot make the required showing here. As explained in the F&Rs, the Honorable Magistrate Judge concluded that Plaintiff's Complaint fails to state any claims for relief and recommended dismissal without further leave to amend. (Dkt. 62 [Findings and Recommendations, pp. 16-17]). These findings are fundamentally at odds with Plaintiff's ability to establish any

Page 3 -  **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

likelihood of success on the merits.  Plaintiff bears the burden of making a clear showing that he is likely to succeed on the merits, but has failed to do so as a matter of law.  Thus, the F&Rs warrant dismissal of the Motion in its entirety.  *See id.*

Alternatively, at a minimum, the F&Rs warrant deferring further consideration of the Motion until the Court determines whether to adopt the F&Rs.  The foreclosure sale is scheduled for October 13, 2026.  (*See* Dkt. 59 [Plaintiff's Supplemental Brief, p. 1]).  Requiring the parties to fully brief the remaining preliminary injunction issues before the Court determines whether any of Plaintiff's claims even survives will be futile if the Court ultimately affirms the dismissal with prejudice.  Thus, in the alternative, Defendants propose that the Court continue further briefing and consideration of the Motion until the F&Rs are resolved.  If any claims remain thereafter, Defendants propose that the Court allow supplemental briefing directed to any remaining claims.

**B.    Regardless, Plaintiff Cannot Meet His Burden to Demonstrate a Likelihood of Success On Any Claim that Could Support the Requested Injunctive Relief**

Even if the Court found a need to reach the merits of Plaintiff's Motion, Plaintiff still fails to establish a likelihood of success on any claim capable of supporting an injunction.  Indeed, the Complaint asserts purported claims for declaratory judgment, quiet title, accounting, Real Estate Settlement Procedures Act ("RESPA") violations, Fair Credit Reporting Act ("FCRA") violations, "Metro-2 Reporting Misconduct", and injunctive relief.  (*See* Dkt. 1-1 [Compl.]).  Plaintiffs' Proposed Amended Complaint asserts substantially similar claims, excluding the purported "Metro-2 Reporting Misconduct" claim.  (*See* Dkt. 25-1).

Most of those claims cannot support a request for injunctive relief as a matter of law. Injunctive relief is not an available remedy under either RESPA or the FCRA.  *See Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1013 (N.D. Cal. 2012) ("RESPA does not provide for

Page 4 -  **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

injunctive relief …”); *Gray v. Cent. Mortg. Co.*, No. C 10-00483 RS, 2010 WL 1526451, at *3 (N.D. Cal. Apr. 14, 2010) (“None of the[] remedies [under RESPA] … would permit an injunction against foreclosure.  Numerous district courts have denied preliminary injunctions to RESPA plaintiffs on this basis.”); *Golden v. TransUnion, LLC*, No. 2:25-CV-11740-AH-SKX, 2025 WL 3898871, at *2 (C.D. Cal. Dec. 24, 2025) (“District courts within the Ninth Circuit have therefore held that a private litigant may not obtain injunctive relief under the FCRA”); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) (“the FCRA does clearly preclude injunctive relief.”).

Nor do Plaintiff’s separately pleaded requests for declaratory relief, an accounting, and injunctive relief supply an independent basis for his request for a preliminary injunction.  As the Honorable Magistrate Judge stated, those are remedies rather than standalone causes of action.  (*See* Dkt. 62 [Findings and Recommendation, p. 16]); *see also Ajetunmobi v. Clarion Mortg. Cap., Inc.*, 595 F. App’x 680, 684 (9th Cir. 2014) (“Declaratory and injunctive relief are remedies, not causes of action.”) (citations omitted); *Motameni v. Adams*, No. 3:21-CV-01184-HZ, 2022 WL 3682940, at *8 (D. Or. Aug. 25, 2022) (“An accounting is an equitable remedy, not a separate cause of action.”). The availability of those remedies depends on Plaintiff’s ability to establish a viable underlying substantive claim.

This leaves Plaintiff’s quiet title claim as the only pleaded claim that could serve as the substantive basis for the foreclosure injunction he seeks.  However, Plaintiff cannot demonstrate a likelihood of success on that claim as a matter of law.  To prevail on a quiet title claim, Plaintiff must “expressly allege that: (1) his title is superior to that of [D]efendant[ ]; and (2) the subject loan has been satisfied or that [P]laintiff is ready, willing and able to tender the full amount owed on the ///

Page 5 -  **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.’S OPPOSITION TO PLAINTIFF’S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

loan." *Strickland v. Citizens Bank, N.A.*, No. 3:23-CV-01126-IM, 2024 WL 195651, at *5 (D. Or. Jan. 18, 2024) (citations and internal quotation marks omitted).

In this case, Plaintiff's pleadings do not satisfy those requirements. Plaintiff concedes that he has a loan secured by a Deed of Trust in connection with the property at issue and that the Property is in foreclosure. (*See* Dkt. 56 [Proposed Amended Complaint at ¶ 17]). In support of his claim, Plaintiff disputes the "chain of title and enforcement authority" for Pennymac and Fannie Mae to foreclose. (*See* Dkt. 56 [Proposed Amended Complaint ¶ 76]; Dkt. 59 [Plaintiff's Supplemental Brief, p. 4] (challenging "broken chain of title")).

As the Honorable Magistrate Judge correctly explained, however, "[a] mortgagor . . . cannot demonstrate that [he] has greater title over the subject property than the mortgagee when the subject property secures an outstanding indebtedness. A plaintiff must allege [he] has tendered payment of the full amount of the outstanding debt in order to maintain [a] quiet-title claim. Simply alleging that the loan payments can be brought up-to-date is not sufficient." (Dkt. 62 at pp. 5-6) (citing *Swango v. Nationstar Sub1, LLC*, 292 F. Supp. 3d 1134, 1144 (D. Or. 2018) (internal citations and quotations omitted)). Moreover, "to succeed on a quiet title claim, a plaintiff must "prevail on the strength of [his] own title as opposed to the weaknesses of defendants' title." (*Id.* at p. 6) (citing *Coussens v. Stevens*, 200 Or. App. 165, 171 (2005)). Because Plaintiff admits he did not tender the full amount of the outstanding debt and his allegations are based on a purported weakness of the remaining Defendants' alleged title, the Honorable Magistrate Judge correctly concluded that his quiet title claim should be dismissed as a matter of law. (*See* Dkt. 59 [Plaintiff's Supplemental Brief, p. 5] (stating his purported "willingness to 'remit the undisputed amount – or tender in full – upon receipt of complete accounting.'"); Dkt. 62 [Findings and Recommendation, at p. 6])).

///

Page 6 -  **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

### III.    CONCLUSION

Based on the arguments in Defendants' pending Motion to Dismiss and the Honorable Magistrate Judge's Findings and Recommendation, Defendants respectfully request that the Court deny the Motion.  Plaintiff has not and cannot prevail on his request for a preliminary injunction because he cannot establish a likelihood of success on the merits of any claim.  Alternatively, Defendants respectfully request that the Court defer briefing until after it decides whether to adopt the Findings and Recommendations, so that any briefing is directed to the proper scope of any remaining claims.

DATED:  August 7, 2026

YU MOHANDESI LLP

*/s/ Pavel Ekmekchyan*

Pavel Ekmekchyan (Admitted *Pro Hac Vice*)
pavel@yumollp.com
Telephone: (213) 985-2007

SABIDO LAW, LLC

*/s/ Robert E. Sabido*

Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
Telephone: (971) 302-6236
Fax (503) 974-1673

Attorneys for Defendants PennyMac Loan Services, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.

Page 7 -  **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** on the date indicated below, and on all parties of record, by:

☒    electronic filing notification.

DATED:  August 7, 2026

/s/ *Robert E. Sabido*
Robert E. Sabido

Page 1 - CERTIFICATE OF SERVICE