**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| IVAN RICHARD HIGGS,<br><br>Plaintiff,<br>v.<br><br>PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); LOAN STAR HOME LOANS, LLC dba LOANSTAR HOME LENDING; TICOR TITLE; and DOES 1-10,<br><br>Defendants. | Case No. 3:25-cv-02335-YY<br><br>**DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS [DKT. 65]** |

## I. INTRODUCTION

Plaintiff Ivan Higgs's ("Plaintiff") "Objections to Magistrate Judge's Findings and Recommendations" [Dkt. 65] ("Objections") fails to identify any deficiency that would provide a basis to reject Magistrate Judge You's Findings and Recommendations ("F&R"), which granted Defendants'[1] Motion to Dismiss the action with prejudice. *See* Dkt. 62. At bottom, Plaintiff's claims are premised on a mistaken contention that the recorded Assignment of the Deed of Trust to Pennymac ("Assignment") is invalid. He reasons that this purported defect entitles him to quiet title against Defendants and renders certain conduct by Pennymac unlawful under the Real Estate Settlement Procedures Act ("RESPA") and the Fair Credit Reporting Act ("FCRA"). However, Magistrate Judge You correctly rejected all of Plaintiff's unsupported theories and properly concluded that Plaintiff's allegations fail to state a viable claim for relief.

Indeed, the sufficiency of Plaintiff's claims has been extensively briefed and considered by Magistrate Judge You. After Defendants moved to dismiss Plaintiff's Complaint in December 2025, Plaintiff filed multiple additional briefs and requests to supplement the record. *See* Dkts. 13, 14, 20, 22, 23, 25. The parties also appeared for two hearings in connection with Defendants' motion to dismiss on May 19, 2026 and July 16, 2026. *See* Dkts. 43, 61. After the first hearing, Plaintiff requested and was afforded additional time to prepare to address the arguments raised in Defendants' motion to dismiss. *See* Dkt. 43. After the second hearing, Plaintiff was given an opportunity to demonstrate how he would be able to cure the deficiencies in his Complaint by submitting a Proposed First Amended Complaint ("Proposed FAC") for consideration. *See* Dkt. 56 [Proposed Amended Complaint], Dkt. 61 [Minutes].

Despite these multiple opportunities to articulate a viable claim, Plaintiff has failed to do so—whether in the Complaint, the Proposed FAC, his other filings, or even in any arguments raised in his Objections. As Magistrate Judge You correctly concluded, each of Plaintiff's substantive claims for quiet title, RESPA violations, and FCRA violations is untenable as a

---

[1] Defendants are PennyMac Loan Services, LLC ("Pennymac"), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") and are collectively referred to herein as "Defendants").

matter of law. Instead, Plaintiff's Objections only serve to underscore the lack of merit in his theories concerning the validity of the Assignment and Pennymac's conduct following a letter Plaintiff sent to Pennymac on July 30, 2025 ("July 30, 2025 Letter").

Accordingly, Defendants respectfully request that the Court overrule Plaintiff's Objections, adopt the F&R, and dismiss the action with prejudice.

## II. LEGAL ARGUMENT

### A. Plaintiff's Objections to The F&R's Analysis of His Quiet Title Claim Fail Because Plaintiff Cannot Establish Superior Title or Tender (Objections 1, 6-7)

First, Plaintiff argues that Magistrate Judge You improperly dismissed his quiet title claim by ignoring relevant authority that purportedly demonstrates the Assignment is void. *See* Dkt. 65 [Objection, p. 3]. Rejecting this theory, Magistrate Judge You properly determined that Plaintiff's allegations and arguments are meritless because they fail to establish the essential elements of a quiet title claim. *See* Dkt. 62 [F&R, pp. 5-6].

To state a claim for quiet title, a "[p]laintiff must prove that he has a substantial interest in, or claim to, the disputed property and that his title is superior to that of Defendant." *Strickland v. Citizens Bank, N.A.*, No. 3:23-CV-01126-IM, 2024 WL 195651, at *5 (D. Or. Jan. 18, 2024) (citing *Coussens v. Stevens*, 200 Or. App. 165, 171 (2005)). Accordingly, a plaintiff must "expressly allege that: (1) his title is superior to that of [D]efendant[ ]; and (2) the subject loan has been satisfied or that [P]laintiff is ready, willing and able to tender the full amount owed on the loan." *Id.* The reason for the tender requirement is clear— "equity would not be served by the court granting a quiet-title claim that would nullify a security interest without also ensuring that the underlying debt had been satisfied." *Collier v. Wilmington Sav. Fund Soc'y, FSB as Tr. of Stanwich Mortg. Loan Tr. A*, No. 2:20-CV-681-HL, 2022 WL 1223253, at *2 (D. Or. Apr. 26, 2022) (citations and quotation marks omitted).

In this case, Magistrate Judge You ruled that the Proposed FAC fails to satisfy both elements of a quiet title claim. First, Plaintiff failed to establish superior title based on his admission that the subject property is encumbered by a Deed of Trust. *See* Dkt. 56 [Proposed

FAC ¶¶ 16-19]; Dkt. 62 [F&R, pp. 5-6]. It is well-established that "[a] mortgagor … cannot demonstrate that she has greater title over the subject property than the mortgagee when the subject property secures an outstanding indebtedness." *Collier*, 2022 WL 1223253 at *2. Indeed, "Oregon is a lien theory state, 'meaning that a mortgage on real estate does not convey legal or equitable title or interest to the holder of the mortgage (mortgagee). Instead, the mortgagee has only a lien on the property.'" *Id.* Thus, there are no competing title claims between Plaintiff and Defendants that would give rise to a viable quiet title claim based on the recorded Deed of Trust.

Second, Plaintiff has conceded that his debt remains outstanding. *See* Dkt. 56 [Proposed FAC ¶ 84] (stating plaintiff "remains ready, willing, and able to bring the Loan current within approximately thirty (30) days after Defendants identify the lawful creditor…."); *id.* [Proposed FAC ¶¶ 69-73]. As the F&R correctly explains, "[s]imply alleging that the loan payments *can* be brought up-to-date is not sufficient" to meet the tender requirement. Dkt. 62 [F&R, p. 6] (emph. added). This second deficiency also independently defeats Plaintiff's quiet title claim.

Rather than confronting these arguments, the Objections devote a substantial amount of time arguing that there are purported defects in the "chain of title" for the subject property, including whether MERS possessed authority to execute the Assignment to Pennymac. *See, e.g.*, Dkt. 65 [Objection Nos. 1 at pp. 3-4, 6 at pp. 11-12]. Any such arguments, however, are irrelevant. They merely attempt to argue a purported weakness of Defendants' interests rather than establish the strength of Plaintiff's title, which is inapposite to the dispositive inquiry on a quiet title claim. *See, e.g., Collier*, 2022 WL 1223253, at *2 ("The facts that Plaintiffs identify as 'disputed'—such as whether there is an uninterrupted chain of recorded written assignments … whether Plaintiffs are exposed to the risk of another party seeking to enforce the instrument … are not material to whether Plaintiffs can quiet title under Oregon law.").[2]

[2] For instance, Plaintiff relies on *Brandrup v. ReconTrust Co.* to argue that the Assignment to Pennymac is invalid. *See* Dkt. 65 [Objections, p. 3]. Although irrelevant, Plaintiff's argument is also misguided. In *Brandrup*, the Oregon Supreme Court held that "an entity like MERS, which is not a lender, may not be a trust deed's 'beneficiary,' unless it is a lender's successor in interest." *Brandrup v. ReconTrust Co.*, 353 Or. 668, 674 (2013). *Brandrup*, however, did not

Thus, Magistrate Judge You properly dismissed Plaintiff's quiet title claim with prejudice. *See, e.g.*, *Strong v. Lehman Bros. Bank, FSB*, No. 6:16-CV-01498-MC, 2018 WL 700821, at *4 (D. Or. Feb. 2, 2018), *aff'd sub nom. Strong v. Fed. Home Loan Mortg. Corp.*, 738 F. App'x 485 (9th Cir. 2018) ("Because there is not a valid 'lack of standing' claim, the claim for quiet title also fails. Plaintiff cannot prove that she has a superior title to that of the defendants, nor has she adequately alleged the dispositive elements for a claim for quiet title.").[3]

**B. Plaintiff's Challenges To The F&R's RESPA Analysis Are Also Unavailing (Objections 2, 5)**

**1. The Magistrate Judge Correctly Determined That Plaintiff's July 30, 2025 Correspondence Was Not A Valid Notice of Error Under RESPA**

First, Plaintiff appears to argue that the F&R improperly treated his July 30, 2025 correspondence as overbroad, while overlooking the allegations in his Proposed FAC under paragraphs 54 and 88 describing the real nature of his dispute. *See* Dkt. 65 [Objections, pp. 9-10]. This objection, however, mischaracterizes the F&R, the record, and applicable law.

---

hold that MERS may never act on behalf of the beneficiary. To the contrary, the Oregon Supreme Court recognized that MERS may act as the beneficiary's agent when agency authority exists. *See id.* at 705; *see also Niday v. GMAC Mortg., LLC*, 353 Or. 648, 664 (2013) (same). Regardless, Oregon law does not require transfer of a Deed of Trust to occur through a recorded assignment in order to have standing to foreclose. *See Brandrup*, 353 Or. at 694 ("transfer of a promissory note that is secured by a mortgage automatically effects, by operation of law, an assignment of the mortgage."); *Aazami v. Wells Fargo Bank, N.A.*, 3:17-CV-01564-BR, 2018 WL 738930, at *3 (D. Or. Feb. 6, 2018) ("the purported assignment of the Trust by MERS is a 'legal nullity,' but, nevertheless, [the] holder of the Note possessed the right to appoint a successor trustee and to take all of the other actions necessary to initiate the nonjudicial foreclosure."). Thus, Plaintiff's argument that a purported defect in the Assignment somehow invalidates Pennymac's interest is incorrect as a matter of law.

[3] In Objection No. 7, Plaintiff also appears to argue that the *lis pendens* he recorded somehow extinguished any security interest created by the Deed of Trust pursuant to ORS 93.740(2). *See* Dkt. 65 [Objections, p. 13]. This argument is incorrect. ORS 93.740(2) protects a litigant's asserted interest in the property against certain later-acquired interests—it does not eliminate or subordinate any preexisting liens. *See id.; see also Vukanovich v. Kine,* 251 Or. App. 807, 813 (2012).

Indeed, district courts are not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022) (internal citations and quotations omitted). "Where there is a conflict between allegations in the complaint and exhibits attached to the complaint, the exhibits control." *Gaddis v. US Bank NA*, No. CV-24-02683-PHX-DJH, 2026 WL 809519, at *2 (D. Ariz. Mar. 24, 2026); *see also Westlands Water Dist. v. U.S. Dep't of Interior, Bureau of Reclamation*, 850 F. Supp. 1388, 1399 (E.D. Cal. 1994) ("the court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint."). Contrary to Plaintiff's arguments, he cannot avoid the contents of his July 30, 2025 Letter – which he asked the Court to consider—in favor of more generalized allegations contained in the Proposed FAC. *See* Dkt. 20-2, pp. 3-5. Thus, Magistrate Judge You properly examined the July 30, 2025 Letter in addressing the sufficiency of Plaintiff's RESPA claim.

In finding that the July 30, 2025 Letter did not constitute a proper notice of error ("NOE") or qualified written request ("QWR") under RESPA, Magistrate Judge You emphasized that RESPA and its implementing regulation—Regulation X—only require servicers to respond to NOEs and QWRs directed at *servicing* activities. *See* Dkt. 62 [F&R, p. 7] ("For both RESPA or Regulation X, it is necessary for the request to be related to the servicing of the loan before a servicer's duty to respond is triggered.") (citing *McCoy v. Wells Fargo Bank, N.A.*, No. 1:20-cv-00176-CL, 2021 WL 4451423, at *4 (D. Or. July 21, 2021), *report and recommendation adopted*, No. 1:20-cv-00176-CL, 2021 WL 4449967 (D. Or. Sept. 28, 2021)) (collecting cases).

Conversely, servicers have no responsibility to respond to NOEs or QWRs that have nothing to do with loan servicing. *See, e.g.*, *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666–67 (9th Cir. 2012) (servicing "does not include the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement."). Nor are servicers obligated to respond to overbroad and unduly burdensome requests, or subsequent QWRs or NOEs that seek duplicative information.

*See Brewer v. Wells Fargo Bank, N.A.*, No. 16-CV-02664-HSG, 2017 WL 1315579, at *4 (N.D. Cal. Apr. 6, 2017) (stating servicers are not required "to respond when they 'reasonably determine' that a request is overbroad or unduly burdensome[.]") (citations omitted); *Friess v. Shellpoint Mortg. Servicing*, No. CV-21-08101-PCT-GMS, 2022 WL 742728, at *4 (D. Ariz. Mar. 11, 2022) ("RESPA does not require a servicer 'to provide the requested information or conduct an investigation if it determines that the request for information is duplicative of information the servicer has already provided the borrower") (citations and internal quotations marks omitted).

In this case, after analyzing RESPA's requirements and the July 30, 2025 Letter, Magistrate Judge You concluded that the letter did not qualify as an NOE or QWR under RESPA, stating: "Plaintiff's July 30, 2025 "Request for Information and Notice of Error" is comprised almost entirely of requests not related to the 'servicing' of the loan as that term is defined by RESPA." Dkt. 62 [F&R, p. 10]. Based on documents Plaintiff submitted to the Court for consideration, Magistrate Judge You further explained that Pennymac's response was sufficient:

> PennyMac reasonably determined that many of plaintiff's requests were overly broad and otherwise not related to the servicing of plaintiff's loan, but it responded to plaintiff's requests that did relate to servicing by apparently sending some of its records including a "Customer Account Activity Statement" and a "servicing file." Furthermore, plaintiff's complaint does not allege what in particular is insufficient about PennyMac's response regarding the servicing of loan. For all those reasons, plaintiff's proposed amended complaint fails to state a claim under RESPA or Regulation X.

Dkt. 62 [F&R, p. 11].

Thus, Plaintiff's objection to Magistrate Judge You's consideration of the correspondence he placed at issue is misplaced—she was not required to accept generalized allegations that were contradicted by the contents of the letters. *See Produce Pay, Inc.*, 39 F.4th at 1161.

**2. Plaintiff Cannot State A Claim Under Section 1024.35(i)(1) of Regulation X**

Next, Plaintiff argues that the F&R failed to address the Proposed FAC's allegation that Pennymac violated 12 C.F.R. § 1024.35(i)(1) by furnishing adverse credit information within 60 days of receiving the July 30, 2025 letter. *See* Dkt. 65 [Objections, p. 5]. Not only is this argument untrue, but it also fails to recognize that subsection (i) is not triggered merely because a borrower submits a letter called an "NOE" or "QWR" under RESPA to a servicer.

In this case, contrary to Plaintiff's allegations, Magistrate Judge You did consider Plaintiff's allegations of purported violations under Section 1024.35(i)(1):

> In his RESPA claim against PennyMac, plaintiff cites broadly to 12 U.S.C. § 2605 and to "Regulation X," and more specifically asserts that "PennyMac furnished adverse information concerning disputed matters while Plaintiff's notices were pending, in violation of 12 C.F.R. § 1024.35(i)(1)." Prop. Am. Compl. ¶¶ 86–92, ECF 56.

Dkt. 62 [F&R, p. 11]. However, she ultimately concluded that any purported RESPA or Regulation X violations based on the July 30, 2025 letter were unsustainable because the Proposed FAC failed to allege that Plaintiff sent a valid NOE. *See id.*[4]

Indeed, Section 1024.35(i)(1) provides: "After receipt of a notice of error, a servicer may not, for 60 days, furnish adverse information to any consumer reporting agency regarding **any payment** that is the subject of the notice of error." 12 C.F.R. § 1024.35(i)(1) (emph. added); *see also Morgan v. Caliber Home Loans, Inc.*, No. 8:19-CV-02797-PX, 2022 WL 16964705, at *1 (D. Md. Nov. 16, 2022) ("Regulation X … prohibits servicers from reporting, for sixty days, 'adverse information to any consumer reporting agency **regarding any payment that is the subject of the notice of error,'** with a notice of error ('NOE') defined to include a QWR "that asserts an error relating to the servicing of a mortgage loan.'") (emph. added).

---

[4] Nor did Plaintiff adequately allege any other communications that would have constituted an NOE either. *See Watson v. Bank of Am., N.A.*, No. 3:16-cv-00513-GPC-MDD, 2016 WL 3552061, at *9 (S.D. Cal. June 30, 2016) ("Plaintiff must allege facts of when the letter was sent, to whom it was directed, why it was sent, and the contents of the letter so that it may determine if the letter qualifies as a[n] NOE.").

In other words, this provision only applies where (1) there is a qualifying NOE in the first place *and* (2) the NOE identifies a payment that is the subject of the asserted error. Consistent with these limitations, the Consumer Financial Protection Bureau's ("CFPB") Official Interpretation of Section 1024.35 similarly emphasizes that a servicer has no obligation to comply with subsection (i) in the absence of a qualifying NOE—"[a] servicer is not required to comply with **§ 1024.35**…**(i)** with respect to a borrower's assertion of an error that is not defined as an error in § 1024.35(b)." 12 C.F.R. § pt. 1024, Supp. I, cmt. 35(b)-1 (emph. added). The CFPB's guidance further explains that "[a]n error relating to the origination of a mortgage loan", "[a]n error relating to the underwriting of a mortgage loan", and "[a]n error relating to a subsequent sale or securitization of a mortgage loan" are not covered errors. *Id.*

Here, Section 1024.35(i)(1)'s 60-day credit reporting prohibition is plainly inapplicable as a matter of law. *See* Dkt. 62 [F&R, p. 10]. Not only did Magistrate Judge You properly determine that the July 30, 2025 Letter failed to qualify as an NOE because it was predominantly unrelated to servicing and was overbroad [Dkt. 62 at p. 11], but the letter also fails to raise any payment disputes. *See, e.g.*, Dkt. 20-2 at p. 3 [July 30, 2025 Letter] (identifying zero payment disputes and merely asking for "a complete payment history of the loan"). Because neither prerequisite to Section 1024.35(i)(1) is satisfied, Plaintiff's cursory allegation that Pennymac furnished adverse credit information within 60 days of receiving the July 30, 2025 Letter fails to state any claim for relief.

### C. Plaintiff's Objections To The F&R's FCRA Analysis Fail (Objection Nos. 3-4)

#### 1. The Magistrate Judge Correctly Determined That the Proposed FAC Failed To Allege Inaccurate Reporting

In addition, Plaintiff argues that the F&R incorrectly analyzed his FCRA allegations. *See* Dkt. 65 [Objections, p. 9]. According to Plaintiff, the relevant issue is not whether Pennymac properly reported his defaulted loan amounts, but rather whether Pennymac was authorized to credit report his loan while his RESPA dispute remained pending. *See id.* Not only are any such

allegations absent from the Proposed FAC, but this distinction further confirms that amendment would be futile.

To state a claim under the FCRA, a "plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)–(E)." *Willcot v. Reg'l Acceptance Corp.*, No. 3:25-CV-02111-AB, 2026 WL 1705924, at *3 (D. Or. June 11, 2026) (citations omitted).

Here, Magistrate Judge You concluded that "nowhere does plaintiff's Proposed First Amended Complaint specifically identify what the specific inaccurate information was that PennyMac is alleged to have furnished. On that basis alone, the FCRA claim fails because it is impossible to analyze the legal sufficiency of plaintiff's claims without these critical facts." Dkt. 62 [F&R, pp. 12-13]. Thus, nothing in Plaintiff's Objections demonstrates any error in the F&R's conclusion that the FCRA claim should be dismissed.

**2. Plaintiff's Newly Asserted FCRA Theories Do Not Demonstrate Any Ability To Cure His Repeated Pleading Deficiencies**

Although nowhere in the Complaint or Proposed FAC, Plaintiff now appears to clarify that his dispute is based on Pennymac's furnishing of credit information while his July 30, 2025 Letter was pending with Pennymac. *See* Dkt. 65 [Objection No. 3, p. 6] (stating that his dispute "is based on what PennyMac reported to consumer reporting agencies while Plaintiff's dispute was pending"). As demonstrated above, however, Pennymac had no obligation to refrain from credit reporting for 60 days under RESPA after receipt of the July 30, 2025 Letter because that letter did not constitute a proper NOE or raise a payment dispute. *See, supra*, §§ II(B)(2).

Moreover, Plaintiff also appears to newly argue that Pennymac violated the FCRA by failing to report his account as "disputed". *See* Dkt. 65 [Objection No. 4, p. 6] (arguing the Magistrate Judge never analyzed "the omission of a dispute notation"). This theory also fails to state any viable claim. The "FCRA does not impose strict liability on furnishers who omit a

consumer dispute" from its credit reporting. *Sherman v. Sheffield Fin., LLC*, 627 F. Supp. 3d 1000, 1011 (D. Minn. 2022) (citing *Gorman*, 584 F.3d at 1163). Although the Ninth Circuit in *Gorman v. Wolpoff & Abramson, LLP* held that consumers have a private right of action to assert a claim under § 1681s–2(b) based on the furnisher's failure to report a debt as disputed, the Ninth Circuit specified this "does not mean that a furnisher [can] be held liable on the merits simply for a failure to report that a debt is disputed." *Gorman*, 584 F.3d at 1163. Instead, the consumer is required to demonstrate that "the omission of the dispute was 'misleading in such a way and to such an extent that [it] can be expected to have an adverse effect.'" *Id.* In so holding, the Ninth Circuit explained that only *bona fide disputes* that *materially alter* how the debt is understood can give rise to liability:

> [A] furnisher does not report "incomplete or inaccurate" information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. **It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b).**

*Id.* (emph. added). Indeed, the Ninth Circuit noted that "reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Id.*

Thus, courts have found that a furnisher's failure to report an account as disputed does not render the reporting inaccurate or incomplete when the underlying dispute is meritless. *See, e.g.*, *Macris v. Specialized Loan Servicing, LLC*, 2022 WL 16727611, at *2 (2d Cir. Nov. 7, 2022) (affirming summary judgment on FCRA claim and rejecting argument that furnisher was required to report debt as disputed, stating: "a furnisher does not provide 'inaccurate or incomplete' information when it fails to report a meritless dispute …. Here, [the furnisher] investigated [plaintiff's] credit dispute and found it frivolous. Having found the dispute to be without merit, [the furnisher] had no obligation to report the debt as disputed."); *Lichtman v. Chase Bank USA, N.A.*, 2020 WL 1989486, at *7 (S.D.N.Y. Apr. 27, 2020) (granting summary judgment on FCRA claim and rejecting theory that furnisher was required to continue to mark

account as disputed where furnisher "complied with its obligation to investigate and withdrew the 'disputed' notation from Plaintiff's [credit reporting] once it had determined that it had no obligation to take corrective steps because the disputed information was, in fact, accurate").

In this case, the July 30, 2025 Letter did not dispute the accuracy of any reported payment, delinquency, balance or other information concerning Plaintiff's payment history. Rather, the Letter principally requested documents concerning ownership of the loan and chain of title. *See* Dkt. 20-2, p. 3 (asking for the "Promissory Note", "assignments, transfers, or conveyances", "full chain of title", "MERS Milestone history", "all servicing records", among other things). Nothing about those requests materially alters the way in which Plaintiff's reported payment status would have been understood, particularly where he admitted the default status of the loan. *See, e.g.*, Dkt. 56 [Proposed FAC ¶ 84]. Accordingly, even assuming Plaintiff's July 30, 2025 Letter can be characterized as raising a "dispute" in some general sense, any alleged failure to report the account as "disputed" would not render any derogatory reporting of the loan misleading for purposes of the FCRA based on Plaintiff's admitted default. Thus, Plaintiff's new dispute-notation theory does not cure the fundamental deficiency identified in the F&R—he has not, and cannot, allege facts showing that Pennymac furnished inaccurate or materially misleading information concerning his loan, or that any investigation into such information was unreasonable. The FCRA claim therefore fails.

**D. The Magistrate Judge Properly Dismissed Plaintiff's Declaratory Relief "Claim" (Objection No. 8)**

Finally, Plaintiff appears to argue that Magistrate Judge You improperly dismissed his claim for declaratory relief. *See* Dkt. 65 [Objections, pp. 14-15]. This objection fares no better. As Magistrate Judge You recognized, declaratory relief is a remedy, not an independent cause of action. *See Ajetunmobi v. Clarion Mortg. Cap., Inc.*, 595 F. App'x 680, 684 (9th Cir. 2014) ("Declaratory and injunctive relief are remedies, not causes of action.").

///

///

Plaintiff's reliance on 28 U.S.C. § 2201(a) does not establish otherwise. Although the Declaratory Judgment Act authorizes federal district courts to "declare the rights and other legal relations of any interested party seeking such declaration", it does not itself create substantive rights or supply an independent basis for relief. 28 U.S.C. § 2201(a). Rather, Plaintiff must still identify an underlying viable claim or legal right upon which declaratory relief may be granted. *See Litchfield v. Angi Inc.*, No. 3:25-CV-2394-SI, 2026 WL 1453720, at *3 (D. Or. May 22, 2026) ("The Declaratory Judgment Act does not supply an independent cause of action but rather empowers federal courts to provide declaratory relief on an underlying claim.") (citing 28 U.S.C. § 2201(a)); *see also Ballard v. Chase Bank USA, NA*, No. 10CV790 L POR, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief 'rises or falls with [the] other claims.'")

Here, Plaintiff's Proposed FAC seeks judicial declarations concerning the same theories underlying Plaintiff's substantive claims, including the validity of the "loan-chain documents", "identity of the lawful beneficiary", "authority of MERS to assign", and "authority of PennyMac". Dkt. 56 [Proposed FAC ¶¶ 74-76]. Because those theories do not support any viable claim for quiet title or violations of RESPA or the FCRA, they similarly provide no basis for declaratory relief. Accordingly, Magistrate Judge You's dismissal of this claim was also proper.

## III. CONCLUSION

As demonstrated, all of Plaintiff's claims are deficient and Plaintiff has repeatedly shown they cannot be cured by further amendment. The parties have appeared for multiple hearings to address the deficiencies in Plaintiff's pleadings and Plaintiff has been afforded multiple chances to cure the defects. In spite of this, Plaintiff has been unable to do so and has shown that further leave to amend would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Accordingly, Defendants respectfully request that the Court adopt the Magistrate Judge's F&R and dismiss the action *with prejudice*.

Dated: September 9, 2026.

**YU | MOHANDESI LLP**

*/s/ Pavel Ekmekchyan*
Pavel Ekmekchyan, Esq. (*Pro Hac Vice*)
Attorney for Defendants
PennyMac Loan Services, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.

Dated: September 9, 2026

**SABIDO LAW, LLC**

*/s/ Robert E. Sabido*
Robert E. Sabido, Esq.
Attorney for Defendants
PennyMac Loan Services, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2026, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Pavel Ekmekchyan*
Pavel Ekmekchyan *(Pro Hac Vice)*