**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| IVAN RICHARD HIGGS, | ) | Case No. 3:25-cv-02335-YY |
| Plaintiff, | ) | |
| v. | ) | |
| PENNYMAC LOAN SERVICES, LLC, et al., | ) | |
| Defendants. | ) | |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED REPLY AND SUPPLEMENTAL EXHIBITS

## LR 7-1(a) CERTIFICATION

Plaintiff certifies that on September 13, 2026, he conferred in good faith by email with counsel for Defendants regarding this motion and requested Defendants' position. At the time of filing, Defendants' position was unknown.

## I. RELIEF REQUESTED

Plaintiff respectfully requests leave to file a reply of no more than four pages addressing one narrow issue: Defendants' assertion that Plaintiff's correspondence identified "zero payment disputes." ECF 66 at 9.

Plaintiff also requests leave to file:

1. **Exhibit A:** Plaintiff's August 29, 2025 letter to PennyMac, sent by USPS Certified Mail, tracking number 7015 3430 0000 7516 9960; and
2. **Exhibit B:** Plaintiff's October 10, 2025 letter to PennyMac, sent by USPS Certified Mail, tracking number 7021 0950 0000 4740 3558.

Alternatively, Plaintiff requests that the Court consider Exhibits A and B when determining whether dismissal with prejudice or denial of leave to amend is warranted.

## II. THE RECORD IS INCOMPLETE ON THE PAYMENT-DISPUTE ISSUE

Defendants state that Plaintiff's July 30, 2025 correspondence identified "zero payment disputes." ECF 66 at 9. That characterization is incomplete when the later correspondence is considered.

On August 29, 2025, Plaintiff wrote:

> "Please place the account in dispute/hold and suspend adverse credit reporting while you complete a full Regulation X response. We will remit the undisputed amount—or tender in full—upon receipt of a complete accounting and identification of the lawful party entitled to enforce."

The letter further stated:

> "Tender of any amount lawfully owed will be made to the lawful creditor after a full and accurate accounting and identification of the party with lawful enforcement rights."

The October 10, 2025 letter likewise stated:

> "Tender remains ready upon a true accounting to a party entitled to enforce."

These letters do not establish completed, unconditional tender, and Plaintiff does not claim otherwise. They do, however, contradict any suggestion that Plaintiff categorically refused to pay or identified no payment dispute.

The August 29 letter expressly requested that the account be placed "in dispute/hold." In addition, PennyMac's August 5, 2025 acknowledgment, already in the record as ECF 22-2, Exhibit S-4, used the terms "payment dispute" and "disputed payment." Those documents are relevant to Defendants' characterization of Plaintiff's correspondence.

## III. RELEVANCE TO DISMISSAL WITH PREJUDICE

Plaintiff does not contend that the letters establish superior title, constitute completed unconditional tender, independently prove a RESPA violation, or cure every deficiency identified in the Findings and Recommendation.

The narrower point is that the letters document a dispute concerning the amount owed, the requested accounting, and the identity of the party entitled to enforce. They also document Plaintiff's stated willingness to pay amounts lawfully owed after those issues were addressed.

The Findings and Recommendation stated that it was "unclear" how Plaintiff could cure the

alleged deficiencies. ECF 62 at 16–17. For a pro se litigant, dismissal without leave to amend is improper unless it is "absolutely clear" that the deficiencies cannot be cured by amendment. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). The governing rule provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2)

"Unclear" is not the same as "absolutely clear." The documents therefore support permitting Plaintiff to amend rather than dismissing the action with prejudice.

**IV. LEGAL BASIS FOR CONSIDERING THE EXHIBITS**

The district judge must determine de novo any properly objected-to portion of the magistrate judge's disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R.Civ.  P.72( b)(3). The Court may accept, reject, or modify the recommendation and may receive further evidence. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3)

The Ninth Circuit has recognized that a district court may consider additional evidence when reviewing objections to findings and recommendations. United States v. Howell, 231 F.3d 615, 621–24 (9th Cir. 2000). Plaintiff therefore requests permission to present these two narrowly focused documents so the Court may evaluate the payment-dispute and tender issues on a complete record.

**V. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. Grant leave to file a reply of no more than four pages addressing only the payment-dispute and tender issues;
2. Permit Plaintiff to file Exhibits A and B;
3. Consider Exhibits A and B in reviewing the Findings and Recommendation; and
4. Deny dismissal with prejudice or, alternatively, permit Plaintiff to amend because it is not absolutely clear that the alleged deficiencies cannot be cured.

If the Court declines to permit a supplemental reply, Plaintiff alternatively requests that the Court

consider Exhibits A and B solely in deciding whether dismissal with prejudice or denial of leave to amend is appropriate.

DATED: September 15, 2026.

Respectfully submitted,

/s/ Ivan Richard Higgs
**Ivan Richard Higgs**
Plaintiff, Pro Se
54248 Kalberer Road
Scappoose, Oregon 97056
Telephone: (503) 543-2956
Email: ivanhiggs@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, I served a true and correct copy of this motion through the Court's CM/ECF system, which will transmit notice to all counsel of record.

/s/ Ivan Richard Higgs
**Ivan Richard Higgs**