Date: August 29, 2025

Via USPS Certified Mail – Return Receipt Requested

USPS Certified Mail No.: 7015 3430 0000 7516 9960

To: PennyMac Loan Services, LLC

Attn: Research / QWR Team (Designated Address)

PO Box 5133

Thousand Oaks, CA 91359-5133

Re: Borrower: Ivan Higgs

Loan No.: 8013227809

Property: 54248 Kalberer Rd, Scappoose, OR 97056

**Subject: 1) Regulation X Request for Information and Notice of Error; 2) Litigation Hold and Evidence Preservation; 3) Notice of Default and Opportunity to Cure**

The August 1, 2025 installment is currently outstanding. Please place the account in dispute/hold and suspend adverse credit reporting while you complete a full Regulation X response. We will remit the undisputed amount—or tender in full—upon receipt of a complete accounting and identification of the lawful party entitled to enforce.

**REGULATION X – REQUEST FOR INFORMATION AND NOTICE OF ERROR (12 C.F.R. §§ 1024.35, 1024.36)**

- Identify the current person entitled to enforce the promissory note; name, address, and contact for the custodian/vault; complete chain-of-possession logs; and any custodial/bailee receipts.
- Provide a copy of the promissory note, front and back, including every endorsement/allonge; if the original is lost, provide the complete lost-note package, indemnity, and any bond.
- Provide the deed of trust (all pages) and every recorded assignment; provide each substitution/appointment of trustee; if none exist, state so in writing.
- Provide the complete life-of-loan transaction history from boarding to present, including suspense activity, reversals, fee codes, and any corporate advances.

- Provide the complete escrow history from origination to present: monthly trial balances; all tax and insurance disbursements; bank/custodian where escrow is held; interest credited to escrow; and workpapers reconciling each annual escrow analysis.
- Provide the private mortgage insurance file: insurer and policy number; termination method/date; LTV calculation used; and any refunds/credits after termination.
- Provide the current itemized payoff statement and supporting workpapers: principal, per-diem basis, release/recording fees, and the owner/insurer guidance authorizing each charge; include any revision logs.
- Provide the MERS milestone/transfer history for this loan’s MIN; identify each investor and servicer transfer with names and dates.
- Identify the loan’s current owner/assignee; identify any master and sub-servicer; provide any custodial document IDs or collateral file numbers.
- Provide all servicing-transfer “hello/good-bye” letters since origination.
- Provide communications logs and call notes; copies of every notice sent (default, acceleration, property inspection/preservation, sale).
- Provide audio recordings of all calls with the borrower since origination.
- Provide property inspection/BPO/vendor invoices and any attorney-fee/expense ledgers billed to the account.
- Provide all force-placed-insurance notices, policies, and refunds (if any).
- Provide all credit-reporting records furnished while the account was disputed, including ACDV responses and Metro 2 dispute coding.
- Confirm this letter is logged at the designated address; provide your internal case/track number, the date opened, and the target date for your written response.
- If any item is not reasonably available, provide a written certification of unavailability, identify the custodian who holds it, and describe the steps taken to obtain it.

**Errors to Correct**

18. Failure to provide a complete, timely written response to prior written servicing inquiries.
19. Failure to identify the person entitled to enforce the note and to provide complete accounting and escrow records.
20. Any negative credit reporting or foreclosure activity during the pendency of these disputes.

Account remains disputed. Please place a special-handling code and suspend adverse credit reporting pending full resolution.

**LITIGATION HOLD AND EVIDENCE PRESERVATION**

Preserve all documents and ESI related to this loan: original note and allonges; collateral file; custodial/bailee receipts; vault logs; servicing-system data and screen prints; life-of-loan histories; escrow ledgers/analyses; correspondence logs; imaging; inbound/outbound mail logs; call recordings; property-inspection/BPO orders and invoices; payoff/reinstatement workpapers; investor/insurer guidelines; MERS data; vendor files and communications.

Suspend routine deletion/overwriting of backups and archives, including email, voice, imaging, data warehouse, and all vendor platforms.

Confirm in writing within five business days that this litigation hold is implemented across all departments and vendors and that the original note and collateral file are preserved intact.

**NOTICE OF DEFAULT AND OPPORTUNITY TO CURE**

You are in default of your servicing duties and contractual obligations by failing to provide a complete, timely written response with the documents listed above.

Opportunity to cure: within ten business days of your receipt of this letter, deliver a full written response and all requested materials, and confirm the identity of the lawful creditor after a complete accounting.

Tender of any amount lawfully owed will be made to the lawful creditor after a full and accurate accounting and identification of the party with lawful enforcement rights. All offsets and recoupment for unlawful charges are reserved.

Failure to cure will result in presentment for injunctive and declaratory relief, cancellation of clouding instruments, damages, costs, and fees.

Please send your complete written response and documents to:

Mailing Address for Response:

54248 Kalberer Rd

Scappoose, Oregon 97056

without recourse without prejudice

Ivan Higgs

Enclosures: Available upon request.