**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **IVAN RICHARD HIGGS,**<br>Plaintiff,<br>v.<br>**PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; LOANSTAR HOME LOANS, LLC dba LOANSTAR HOME LENDING; and TICOR TITLE,**<br>Defendants. | Case No. 3:25-cv-02335-YY |

**PLAINTIFF'S MOTION TO EXPEDITE AND SET HEARING**

**ON PENDING PRELIMINARY-INJUNCTION MOTION**

**EXPEDITED HEARING REQUESTED**

**LR 7-1 CERTIFICATION**

Pursuant to D. Or. LR 7-1(a) and 7-1(g), Plaintiff conferred in good faith with counsel for Defendants by email on September 14, 2026, regarding this request to expedite the hearing. As of the time of filing, Defendants have not responded, and their position on this request is unknown.

**I. INTRODUCTION**

Plaintiff respectfully requests that the Court expedite and schedule a hearing on the pending preliminary-injunction motion before October 13, 2026, the date scheduled for the trustee's sale of Plaintiff's primary residence. The PI briefing and opposition have been filed; Plaintiff's limited reply is subject to the pending motion for leave (ECF 67). No hearing date has been set. If the trustee's sale proceeds before the Court can consider the pending motion, the requested relief

may become ineffective and the motion may become moot.

## II. BACKGROUND

On June 17, 2026, the Court converted Plaintiff's emergency motion for a temporary restraining order into a preliminary-injunction proceeding and set a briefing schedule. ECF 49; ECF 54. Plaintiff filed his supplemental brief in support of the TRO and motion for preliminary injunction on July 23, 2026. ECF 59. Defendants filed their opposition on August 7, 2026. ECF 64. The PI briefing and opposition have been filed, but Plaintiff's limited reply is subject to the pending motion for leave (ECF 67). No hearing date has been set, and the Court has not ruled on the motion. Separately, a magistrate judge issued Findings and Recommendation ("F&R") on August 3, 2026, recommending that Plaintiff's claims be dismissed. ECF 62. Plaintiff filed objections to the F&R on August 26, 2026. ECF 65. Defendants filed a response to Plaintiff's objections on September 9, 2026. ECF 66. The F&R is a recommendation, not a final ruling. The district court has not yet ruled on the objections.

## III. THE TRUSTEE'S SALE IS 28 DAYS AWAY

The trustee's sale of Plaintiff's home at 54248 Kalberer Road, Scappoose, Oregon 97056, is scheduled for October 13, 2026, at 12:00 p.m. As of the date of this motion, the sale is 28 days away.

When the Court converted the motion to a preliminary-injunction posture in June 2026, the sale date was sufficiently distant to permit full briefing. ECF 49. That is no longer the case. The PI briefing and opposition have been filed, the sale date is approaching, and the Court has not yet set a hearing or ruled on the motion.

If the trustee's sale proceeds before the Court considers the pending preliminary-injunction motion, Plaintiff will suffer irreparable harm through loss of his home, loss of equity, and loss of the ability to cure the alleged default. The pending preliminary-injunction motion may become moot, and the requested relief may become ineffective if the sale occurs first.

See Barlow v. SPS Select Portfolio Servicing, Inc., 343 F. Supp. 3d 5, 17 (D.D.C. 2018)

("Because the Property was sold at a foreclosure auction . . . 'this court lacks the power to turn back the clock' and Plaintiff's request for injunctive relief preventing foreclosure is moot.").

## IV. LEGAL STANDARD

Fed. R. Civ. P. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Plaintiff requests expedited consideration and scheduling because the approaching sale may eliminate the practical effectiveness of the pending motion before the Court can rule on it.

D. Or. LR 7-1(g) requires a party seeking an expedited hearing to include "EXPEDITED HEARING REQUESTED" on the last line of the document's title and to confer with opposing counsel regarding the request. Plaintiff has complied with these requirements.

## V. THE PENDING F&R DOES NOT ELIMINATE THE NEED TO CONSIDER THE PI MOTION

The F&R recommending dismissal is not a final ruling. It is a recommendation subject to review by the district court under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3). Plaintiff filed ten specific objections. ECF 65. The district court has not yet ruled on those objections.

The pending F&R and the preliminary-injunction motion address different questions:

- The F&R addresses the sufficiency of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).
- The preliminary-injunction motion addresses whether the status quo should be preserved pending resolution of those claims.

A preliminary injunction may be granted where Plaintiff demonstrates a likelihood of success or serious questions going to the merits, irreparable harm, a balance of hardships tipping in Plaintiff's favor, and that the public interest supports an injunction. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

Defendants argue that the PI motion should be deferred until the F&R is resolved. Deferral, however, risks the irreparable harm the PI motion is designed to prevent. If the Court defers

consideration, the sale proceeds on October 13, and the Court subsequently declines to adopt the F&R, the harm may already have occurred and may not be fully undone.

**VI. PLAINTIFF FACES IRREPARABLE HARM**

Plaintiff faces the loss of his primary residence. If the Court does not consider the motion before October 13, 2026, the sale may proceed before the Court can determine whether injunctive relief is warranted. The resulting loss of the property and disruption of Plaintiff's residence may not be adequately remedied through monetary damages alone.

**VII. THE PUBLIC INTEREST SUPPORTS EXPEDITED CONSIDERATION**

The public interest supports allowing the Court to consider whether foreclosure proceedings should proceed before the Court rules on Plaintiff's pending request for preliminary relief. Plaintiff's claims include alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), 12 C.F.R. §§ 1024.35, 1024.36, and Oregon foreclosure law.

**VIII. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. Set the hearing sufficiently before October 13, 2026, to permit meaningful consideration of the pending motion, if practicable;
2. Consider and rule on the pending preliminary-injunction motion before October 13, 2026, if practicable; and
3. Grant such other and further relief as the Court deems just and proper.

DATED: September 15, 2026.

Respectfully submitted,

/s/ Ivan Richard Higgs
**Ivan Richard Higgs**
Plaintiff, Pro Se
54248 Kalberer Road
Scappoose, Oregon 97056
Telephone: (503) 543-2956

Email: ivanhiggs@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, I served a true and correct copy of this motion through the Court's CM/ECF system, which will transmit notice to all counsel of record.

/s/ Ivan Richard Higgs
[signature: Ivan Richard Higgs]