**IVAN RICHARD HIGGS**
54248KalbererRoad
Scappoose,Oregon97056
Telephone:(503)543-2956
Email:
ivanhggs@yahoo.com
Plaintiff,ProSe

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| IVAN RICHARD HIGGS,<br>Plaintiff, v.<br>PENNYMAC LOAN SERVICES, LLC;<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; LOAN STAR HOME LOANS, LLC, d/b/a LOANSTAR HOME LENDING;<br>and TICOR TITLE,<br>Defendants. | ) | Case No. 3:25-cv-02335-YY |

**PLAINTIFF'S MOTION FOR STAY OF TRUSTEE'S SALE PENDING APPEAL**

**EXPEDITED HEARING REQUESTED**

Plaintiff Ivan Richard Higgs moves under Fed. R. App. P. 8(a)(1)(A) for a stay of the trustee's sale of his residence at 54248 Kalberer Road, Scappoose, Oregon, scheduled for October 13, 2026.

Plaintiff appeals the Order Adopting Findings and Recommendation, ECF 70, and Judgment, ECF 71, entered September 17, 2026. Plaintiff requests an order staying the sale and prohibiting Defendants, and persons acting in active concert with them who receive actual notice of the order, from conducting or proceeding with the sale or any rescheduled sale pending appellate review.

The sale is scheduled before the appeal can be meaningfully reviewed. Plaintiff therefore requests expedited consideration and a ruling before October 13, 2026, if practicable.

This motion is supported by Exhibits A through N, which Plaintiff will file as separate attachments to this motion.

**CONFERRAL**

On September 18, 2026, Plaintiff conferred by email regarding the requested stay and expedited consideration. Counsel for Ticor Title stated only that Ticor Title and counsel had been dismissed. Counsel did not state whether the remaining Defendants support or oppose the stay. Plaintiff received no stated position from counsel for the remaining Defendants. Plaintiff therefore cannot represent that any remaining Defendant supports or opposes this motion.

**EXHIBIT LIST**

| **Exhibit** | **Description** |
|---|---|
| **A** | Order Adopting Findings and Recommendation, ECF 70, entered September 17, 2026 |
| **B** | Judgment, ECF 71, entered September 17, 2026 |
| **C** | Notice of Trustee's Sale scheduling the sale for October 13, 2026 |
| **D** | PennyMac NMLS records showing separate Oregon mortgage-lending and mortgage-servicing licenses |
| **E** | Oregon Business Registry record for LoanStar Home Lending showing failure to renew on November 27, 2019 |
| **F** | Oregon Articles of Dissolution for Mortgage Electronic Registration Systems, Inc., filed March 16, 2010 |
| **G** | Oregon Business Registry record identifying Mortgage Electronic Registration Systems, Inc. as inactive and showing Articles of Dissolution |
| **H** | MERS ServicerID result for MIN 1012320-0000038766-8 |
| **I** | MERS System Milestones showing servicing-rights and beneficial-rights transactions in July 2017 |

| | |
|---|---|
| **J** | Property Securitization Analysis Report identifying Fannie Mae REMIC Trust 2017-59, the loan, investor, and servicer |
| **K** | Mortgage Audit Report Deluxe Extended II concerning the loan, MERS, securitization, chain of title, and foreclosure |
| **L** | MERS Analysis Report concerning MERS's role, authority, and the note and deed-of-trust chain |
| **M** | Contract Analysis Report concerning the Deed of Trust, MERS, assignment, and enforcement issues |
| **N** | LoanStar and Change Home Mortgage business-history records, including Oregon registry and acquisition information |

## I. INTRODUCTION

The trustee's sale of Plaintiff's home is scheduled for October 13, 2026. If the sale occurs before appellate review, Plaintiff faces loss of possession and transfer of the property to a third party before the Ninth Circuit can determine whether the dismissal was legally correct.

The appeal raises substantial questions concerning:

1. MERS's Oregon corporate status and authority;
2. whether MERS could execute the later Corporate Assignment;
3. whether the Corporate Assignment was effective against Plaintiff after recording of the Notice of Lis Pendens;
4. PennyMac's separate Oregon mortgage-lending and mortgage-servicing authorizations;
5. LoanStar's Oregon registration history;
6. the MERS servicing and investor records;
7. the securitization and chain of title;
8. Plaintiff's RESPA claim under 12 C.F.R. § 1024.35(i)(1);
9. Plaintiff's FCRA claim; and
10. denial of leave to amend under the governing Ninth Circuit standard.

A stay preserves the status quo and permits meaningful appellate review. It does not adjudicate the ultimate validity of the debt or permanently prevent Defendants from proceeding if Plaintiff's appeal fails.

## II. EMERGENCY RELIEF REQUESTED

The trustee's sale is scheduled for **October 13, 2026—22 days from the date of this filing**. Unless the Court acts promptly, the sale may occur before the Court can decide whether a stay is warranted, defeating the purpose of the motion and substantially impairing Plaintiff's ability to obtain effective appellate relief.

Plaintiff respectfully requests that the Court:

1. Consider this motion on an expedited basis;
2. Set a shortened briefing schedule requiring Defendants' opposition within **seven days after service** of this motion and Plaintiff's reply within **three days thereafter**;
3. Rule on the motion before October 13, 2026; and
4. Alternatively, enter a temporary stay of the trustee's sale pending full consideration of this motion.

If ordinary briefing deadlines apply, Defendants' opposition may not be due until after the scheduled sale. The sale would then occur before the Court could determine whether a stay is warranted, potentially transferring Plaintiff's residence to a third party and substantially impairing effective appellate relief.

A temporary stay is necessary to preserve the status quo while the Court considers the requested relief. Plaintiff does not request that the Court decide the ultimate merits of the appeal on an emergency basis. He requests only sufficient protection to prevent the sale from occurring before the stay motion can be fairly considered.

## III. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff obtained a mortgage loan in 2017 from Loan Star Home Loans, LLC, doing business as LoanStar Home Lending, secured by a Deed of Trust on his residence.
2. The Deed of Trust identified MERS as nominee for LoanStar and its successors and assigns.
3. Oregon records show Articles of Dissolution for Mortgage Electronic Registration Systems, Inc. filed on March 16, 2010. Ex. F.
4. A separate Oregon Business Registry record identifies Mortgage Electronic Registration Systems, Inc. as inactive and records Articles of Dissolution. Ex. G.
5. The loan documents were executed in 2017, after the Oregon dissolution records identified above.
6. MERS later purported to assign an interest in the Deed of Trust to PennyMac Loan Services, LLC.
7. Plaintiff recorded a Notice of Lis Pendens on November 7, 2025, before the Corporate Assignment was recorded on November 25, 2025.
8. The NMLS records distinguish PennyMac's Oregon mortgage-lending license from its Oregon mortgage-servicing license. The lending license reflects an original issue date of November 12, 2008. The mortgage-servicing license reflects an original issue date of January 1, 2018. Ex. D.
9. The Oregon Business Registry record for LoanStar Home Lending shows failure to renew its assumed-business-name registration on November 27, 2019. Ex. E.
10. The MERS records identify PennyMac Corp. as servicer and identify a July 2017 transfer of servicing rights from LoanStar. Exs. H–I.
11. The securitization materials identify the loan, Fannie Mae as investor, PennyMac as servicer, and Fannie Mae REMIC Trust 2017-59. Ex. J.

12. The trustee's sale remains scheduled for October 13, 2026. Ex. C.

13. Plaintiff filed this action concerning the loan, foreclosure, the Corporate Assignment, servicing conduct, credit reporting, and related claims.

14. Plaintiff filed a proposed amended complaint, ECF 56, and objections to the Findings and Recommendation, ECF 65.

15. On September 17, 2026, the Court entered ECF 70 and ECF 71, dismissing the action with prejudice.

16. Plaintiff filed a Notice of Appeal, ECF 72, designating ECF 70 and ECF 71.

## IV. LEGAL STANDARD

Under Fed. R. App. P. 8(a)(1)(A), a party must ordinarily move first in the district court for a stay pending appeal.

The Court considers:

> "(1) whether the applicant is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies."

Nken v. Holder, 556 U.S. 418, 434 (2009). The Ninth Circuit also applies a sliding-scale approach under which a stay may issue when serious questions going to the merits are presented and the balance of hardships tips sharply toward the applicant. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

## V. ARGUMENT

### A. The Appeal Raises Serious Questions Going to the Merits

#### 1. MERS's Oregon records raise a substantial question concerning authority.

The Oregon records show Articles of Dissolution for Mortgage Electronic Registration Systems, Inc. filed in 2010 and an inactive Oregon registration. Exs. F–G.

Under Brandrup v. ReconTrust Co., 353 Or. 668, 689–90, 705, 303 P.3d 301 (2013), MERS does not itself hold the beneficial interest in a trust deed, and its authority must derive from the actual beneficiary or a successor in interest. Under Niday v. GMAC Mortgage, LLC, 353 Or. 648, 661, 302 P.3d 444 (2013), the beneficiary is the person to whom the underlying repayment obligation is owed, not merely MERS as nominee.

The Oregon dissolution and inactive-status records therefore raise a direct question whether MERS had capacity or authority to act as nominee in the relevant transaction or execute the Corporate Assignment. The Corporate Assignment is material because PennyMac relies on it for its claimed interest.

**2. The Corporate Assignment presents a substantial question under Oregon law.**

The Oregon Court of Appeals has held that a MERS assignment does not, standing alone, establish foreclosure authority absent evidence that MERS held the relevant interest or acted as an authorized agent of the actual beneficiary. Fed. Home Loan Mortg. Corp. v. Smith, 287 Or. App. 42, 52, 400 P.3d 1009 (2017).

Plaintiff's records identify MERS as nominee, Fannie Mae as investor, and PennyMac as servicer. Exs. H–J. Those records raise a substantial question whether the assignment established the complete transfer of authority required for the proposed foreclosure.

**3. The lis pendens presents a substantial statutory question.**

Plaintiff recorded a Notice of Lis Pendens before the Corporate Assignment. Or. Rev. Stat. § 93.740(2) provides, subject to subsection (3), that a later-recorded conveyance or encumbrance may be void as to the person recording the notice of pendency with respect to rights and equities adjudicated in the action.

The appeal therefore presents a substantial question whether the district court adequately addressed Plaintiff's statutory argument before dismissing the title-related claims.

**4. PennyMac's separate lending and servicing authorizations raise a substantial question.**

The NMLS records separately identify PennyMac's Oregon mortgage-lending and mortgage-servicing licenses. Ex. D. Plaintiff does not treat the lending license as a servicing license. The distinction raises a question concerning the capacity in which PennyMac acted during the relevant period and whether the district court adequately considered Plaintiff's allegations concerning servicing conduct.

**5. The MERS and securitization records raise questions concerning the chain of authority.**

The MERS records identify LoanStar as an earlier servicer, PennyMac as a later servicer, and Fannie Mae as investor. Exs. H–I. The Property Securitization Analysis Report identifies Fannie Mae REMIC Trust 2017-59 and the $414,000 loan. Ex. J.

The reports identify additional factual questions concerning the note, Deed of Trust, MERS, securitization, assignments, and foreclosure authority. Exs. K–M. Plaintiff submits those reports as documentary materials identifying factual issues requiring examination, not as substitutes for the Court's legal determination.

**6. The RESPA claim presents a substantial question.**

Plaintiff alleged that PennyMac received a notice of error on or about August 4, 2025, and furnished adverse information concerning the disputed account on or about September 4, 2025. 12 C.F.R. § 1024.35(i)(1) provides:

> "After receipt of a notice of error, a servicer may not, for 60 days, furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the notice of error."

The appeal presents a substantial question whether the district court addressed this separate regulatory claim.

**7. The FCRA claim presents a substantial question.**

Plaintiff alleged that PennyMac reported disputed information without accurately reporting the dispute. The Ninth Circuit has recognized that failure to report a consumer's dispute may support an FCRA claim where the reporting is incomplete or inaccurate. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009).

The appeal therefore presents a substantial question whether Plaintiff's materially misleading reporting theory was adequately analyzed.

**8. Denial of leave to amend presents a substantial question.**

The Findings and Recommendation stated that it was "unclear" how Plaintiff could cure the alleged deficiencies. For a pro se litigant, dismissal without leave to amend is improper unless it is absolutely clear that the deficiencies cannot be cured. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

Plaintiff identified proposed amendments addressing MERS authority, licensing, RESPA, FCRA, lis pendens, and the foreclosure chain. The appeal therefore presents a substantial question whether dismissal with prejudice and denial of leave to amend were proper.

**B. Plaintiff Will Suffer Irreparable Harm Without a Stay**

Plaintiff resides at the property, which is his home. If the trustee's sale occurs, Plaintiff faces loss of possession and displacement.

The relevant question is whether the appellate court can provide effective relief if Plaintiff prevails. Castaic Partners II, LLC v. Daca-Castaic, LLC, 823 F.3d 966, 970 (9th Cir. 2016). The Ninth Circuit has also recognized that failure to obtain a stay may render a foreclosure appeal moot. In re Mann, 907 F.2d 923, 925 (9th Cir. 1990).

A completed sale and transfer to a third party could substantially impair the Ninth Circuit's ability to restore the status quo.

**C. Defendants Will Not Suffer Substantial Injury**

A stay would temporarily delay the sale but would not determine the ultimate validity of the debt or eliminate any valid security interest. If Plaintiff's appeal is unsuccessful, Defendants may proceed as permitted by law.

The temporary delay is less harmful than the permanent consequences Plaintiff faces if the sale occurs first.

**D. The Public Interest Favors a Stay**

The public interest favors preserving meaningful appellate review and preventing a private sale from impairing effective judicial relief. A stay preserves the status quo without deciding the merits.

**E. No Bond, or a Nominal Bond, Is Appropriate**

Plaintiff has limited financial resources and cannot afford a substantial bond. The property remains available as security for any valid obligation. Plaintiff requests that no bond be required or that bond be set at a nominal amount.

**F. Expedited Consideration Is Necessary**

The trustee's sale is scheduled for October 13, 2026. If the Court does not address the stay motion promptly, the sale may occur before the Court of Appeals can review the dismissal or before effective appellate relief can be preserved.

Plaintiff therefore requests expedited consideration and a ruling before October 13, 2026, if practicable. If the Court requires a response, Plaintiff requests an expedited briefing schedule that permits a ruling before the scheduled sale.

**VI. CONCLUSION**

Plaintiff respectfully requests that the Court:

1. Stay the trustee's sale scheduled for October 13, 2026;
2. Prohibit Defendants, and persons acting in active concert with them who receive actual notice of the order, from conducting or proceeding with the sale or any rescheduled sale of 54248 Kalberer Road, Scappoose, Oregon, pending resolution of Plaintiff's appeal;
3. Consider this motion on an expedited basis;
4. Require Defendants to file any opposition within seven days after service of this motion;
5. Permit Plaintiff to file a reply within three days after service of any opposition;
6. Rule on this motion before October 13, 2026;
7. Alternatively, enter a temporary stay of the trustee's sale pending full consideration of this motion; and
8. Require no bond or set bond at a nominal amount, and grant any further relief the Court finds just and proper.

DATED: September 21, 2026.
Respectfully submitted,
/s/ Ivan Richard Higgs
Ivan Richard Higgs, Pro Se
54248 Kalberer Road
Scappoose, Oregon 97056
Telephone: (503) 543-2956
Email: ivanhggs@yahoo.com

**DECLARATION OF IVAN RICHARD HIGGS**

I, Ivan Richard Higgs, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am the Plaintiff and proceed without counsel.
2. I reside at 54248 Kalberer Road, Scappoose, Oregon 97056. It is my home.
3. The trustee's sale is scheduled for October 13, 2026.
4. If the sale occurs, I face loss of my home and displacement.
5. I appeal ECF 70 and ECF 71, entered September 17, 2026.
6. I filed the Notice of Appeal as ECF 72.

7. The attached Oregon Business Registry, NMLS, MERS, and related records are copies of records obtained from the identified government or regulatory websites.

8. The Oregon records include Articles of Dissolution for Mortgage Electronic Registration Systems, Inc. and an inactive Oregon registration. Exs. F–G.

9. The NMLS records separately identify PennyMac's Oregon mortgage-lending and mortgage-servicing licenses. Ex. D.

10. The attached records identify LoanStar's registration history, MERS servicing information, investor and servicer information, and the Fannie Mae REMIC Trust identified in the securitization materials. Exs. E, H–J.

11. The attached reports concern my loan and address the note, Deed of Trust, MERS, securitization, chain of title, and foreclosure issues. Exs. K–M.

12. I have limited financial resources and cannot afford a substantial bond.

13. I declare under penalty of perjury that the foregoing is true and correct.

DATED: September 21, 2026.

/s/ Ivan Richard Higgs

Ivan Richard Higgs

**CERTIFICATE OF SERVICE**

I certify that on September 21, 2026, I served a true and correct copy of Plaintiff's Motion for Stay of Trustee's Sale Pending Appeal, including the declaration and Exhibits A through N, on all counsel of record through the Court's CM/ECF system.

DATED: September 21, 2026.
/s/ Ivan Richard Higgs
Ivan Richard Higgs

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Stay of Trustee's Sale Pending Appeal, and good cause appearing,

IT IS ORDERED that the motion is **GRANTED**.

IT IS FURTHER ORDERED that the trustee's sale of 54248 Kalberer Road, Scappoose, Oregon, scheduled for October 13, 2026, is **STAYED**pending resolution of Plaintiff's appeal.

IT IS FURTHER ORDERED that Defendants, and persons acting in active concert with them who receive actual notice of this Order, shall not conduct, cause, or proceed with the sale or any rescheduled sale of the property pending resolution of the appeal.

No bond shall be required. Alternatively, bond is set at a nominal amount

DATED:______________________

Hon. Karin J. Immergut

United States District Judge