Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
SABIDO LAW, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

Pavel Ekmekchyan (Admitted *Pro Hac Vice*)
pavel@yumollp.com
YU MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 985-2007

Attorneys for Defendants PennyMac Loan Services, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

IVAN RICHARD HIGGS,

Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); LOAN STAR HOME LOANS, LLC dba LOANSTAR HOME LENDING; TICOR TITLE; and DOES 1-10,

Defendants.

Case No. 3:25-cv-02335-YY

**DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OF TRUSTEE'S PENDING APPEAL**

## I. INTRODUCTION

Plaintiff Ivan Higgs ("Plaintiff") asks this Court to grant the very injunction it denied on September 17, 2026, under the guise of a motion for stay pending appeal. Four days after this



Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

Court adopted the Honorable Magistrate Judge Youlee You's Findings and Recommendation ("F&R"), dismissed every claim with prejudice, and denied Plaintiff's motion for a temporary restraining order and preliminary injunction because he "failed to provide the necessary showing of a likelihood of success on the merits" (ECF 70 at 3), Plaintiff filed a "Motion for Stay of Trustee's Sale Pending Appeal" ("Motion"). (ECF 73). Although framed as a request for a "stay" under Fed. R. App. P. 8(a)(1)(A), there is no order to stay as the Judgment dismissing this action commands nothing. The targeted foreclosure sale is the product of Plaintiff's admitted, uncured default under his Deed of Trust, not of any order of this Court. What Plaintiff actually is seeking is an injunction pending appeal under Fed. R. Civ. P. 62(d) and Fed. R. App. P. 8(a)(1)(C), and the standard for that relief is the same *Winter* standard this Court already applied and found severely lacking.

Nothing has changed. Plaintiff must show, at a minimum, that irreparable harm is probable and that his appeal presents a "substantial case" on the merits. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964-68 (9th Cir. 2011). Plaintiff cannot make that showing. After multiple motions, a proposed amended complaint, and objections, this Court held that Plaintiff cannot state a claim for quiet title, RESPA, the FCRA, or for declaratory relief. The Motion does not identify any error in that ruling. Instead, it recycles the same rejected theories about MERS and the recorded Assignment, and supplements them with so-called "evidence" (Oregon Secretary of State printouts, NMLS license records, MERS "milestone" reports, and three purchased "audit" reports) that are legally irrelevant and immaterial. None of it cures the dispositive defects the Court identified, including that Plaintiff has no title superior to the lien he granted, has never tendered the debt he admits he owes, sent no valid notice of error under Regulation X, and has never identified a single inaccurate item of credit reporting.

///


Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

The remaining factors weigh decisively against relief as well. The harm Plaintiff identifies is the ordinary consequence of not paying a mortgage, and he has had (and still has) the statutory right to stop the sale by curing his default. Meanwhile, Defendants have carried the cost of a non-performing loan and a delayed foreclosure during the pendency of this litigation. Plaintiff has neither offered to make payments during the appeal nor to post a bond, and in fact asks the Court to waive the bond requirement. Rule 62(d) does not permit an injunction pending appeal on those terms. The Motion should be denied.

## II. RELEVANT LEGAL STANDARDS

### A. Plaintiff Seeks an Injunction Pending Appeal, Not a Stay

A stay pending appeal "simply suspend[s] judicial alteration of the status quo," whereas an injunction pending appeal "grants judicial intervention that has been withheld by lower courts." *Nken*, 556 U.S. at 429 (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986)). This Court's Judgment dismissed Plaintiff's claims and denied injunctive relief, and because it directs no one to do anything, there is nothing to "stay." The trustee's sale proceeds under the Deed of Trust and the Oregon Trust Deed Act, not under any order of this Court. Plaintiff's request that Defendants and "persons acting in active concert with them" be prohibited from conducting the sale is therefore a request for an injunction pending appeal, governed by Fed. R. Civ. P. 62(d) and Fed. R. App. P. 8(a)(1)(C). Rule 62(d) permits such an injunction only "on terms for bond or other terms that secure the opposing party's rights."

### B. The Governing Factors

Whether analyzed as a stay or an injunction pending appeal, the standard is the same. A court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the



Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (internal quotation marks omitted). "The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (en banc) (per curiam). Such relief is "an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Indeed, a "stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (quotation omitted). The movant bears the heavy burden. *Id.* at 433-34.

"The first two factors . . . are the most critical." *Nken* at 434. "It is not enough that the chance of success on the merits be 'better than negligible,'" because "more than a mere 'possibility' of relief is required." *Id.* (citations omitted). The movant must first establish that "irreparable harm is probable"; that showing is "a necessary but not sufficient condition" for relief, and "stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." *Leiva-Perez*, 640 F.3d at 965. The movant must then show "either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips *sharply* in the petitioner's favor." *Id.* at 970 (emphasis added). "Regardless of how one expresses the requirement," the movant "must show, at a minimum, that []he has a substantial case for relief on the merits." *Id.* at 968. Where the movant cannot make that showing, the court "need not consider the remaining three *Winter* elements." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (internal quotations omitted); *Babaria v. Blinken*, 87 F.4th 963, 980 (9th Cir. 2023).

### C. The Applicable Appellate Standard of Review Governs the Court's Analysis

Because the first factor asks whether Plaintiff is likely to succeed *on appeal*, the appellate standard of review matters. The denial of a preliminary injunction is reviewed only for abuse of



Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

discretion. *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). While the dismissal is reviewed de novo, the review is still limited to the record and arguments that were before this Court, meaning the Ninth Circuit "will not consider arguments that are raised for the first time on appeal." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Nor will the Ninth Circuit consider evidence that was not part of the district court record. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). The denial of leave to amend is reviewed for abuse of discretion, with dismissal without leave proper where amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995); *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

## III. LEGAL ARGUMENT

### A. Plaintiff Cannot Show a Likelihood of Success or Even a "Substantial Case" on the Merits

This Court has already determined that Plaintiff cannot state a claim and therefore has no likelihood of success on the merits. (ECF 70 at 3). The Motion asks the Court to reach the opposite conclusion without identifying a single legal error in the underlying F&R or the Order adopting them. Instead, the Motion lists ten "substantial questions," none of which addresses the elements on which Plaintiff's claims failed. (Motion at 3). None presents a substantial case for reversal.

#### *1. To the Extent Plaintiff Is Attempting to Present New Evidence or Theories, They Are Not Properly Before this Court or the Ninth Circuit*

Questions 1 through 7 of the Motion rest on Exhibits D through N: NMLS license printouts, Oregon Business Registry records for MERS and LoanStar, MERS "ServicerID" and "Milestones" printouts, and three purchased reports (a "Property Securitization Analysis Report," a "Mortgage Audit Report Deluxe Extended II," a "MERS Analysis Report," and a "Contract Analysis Report"). (Motion at 2-3, 5-8). To the extent Plaintiff did not previously present these


Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

materials or the arguments built upon them to Judge You, in his Proposed First Amended Complaint, or in his objections, they cannot support a likelihood of success on appeal. The Ninth Circuit reviews the dismissal on the record that was before this Court and "will not consider arguments that are raised for the first time on appeal." *Smith v. Marsh*, 194 F.3d at 1052; *Lowry*, 329 F.3d at 1024. And to the extent the reports are the same reports Plaintiff submitted earlier, they fare no better. He filed a securitization audit report and an "extended mortgage audit report" with his July 2026 emergency TRO motion, (ECF 57-2, Exs. W-X), and the Court denied that motion. (ECF 70 at 3-4). Attaching such reports as exhibits to the Motion does not turn a rejected argument into a substantial question.

***2. The Quiet Title Claim Fails Regardless of MERS's Status, the Assignment, or the Lis Pendens (Questions 1-3, 5-7)***

The F&R dismissed the quiet title claim on three grounds, none of which the Motion addresses. First, a borrower cannot show title superior to that of his lender while the property secures an outstanding debt. "[A] mortgagor…cannot demonstrate that [he] has greater title over the subject property than the mortgagee when the subject property secures an outstanding indebtedness." (ECF 62 at 5-6 (quoting *Swango v. Nationstar Sub1, LLC*, 292 F. Supp. 3d 1134, 1144 (D. Or. 2018)). That rule reflects the fact that Oregon is a lien-theory state, in which a trust deed conveys no legal or equitable title to the lender at all. *Collier v. Wilmington Sav. Fund Soc'y, FSB*, 2022 WL 1223253, at *2 (D. Or. Apr. 26, 2022).

Second, a quiet title plaintiff must allege that he has satisfied the loan or is ready, willing, and able to tender the full amount owed; "[s]imply alleging that the loan payments can be brought up-to-date is not sufficient." (ECF 62 at 5-6); *see Strickland v. Citizens Bank, N.A.*, 2024 WL 195651, at *5 (D. Or. Jan. 18, 2024). Third, a quiet title plaintiff "must prevail on the strength of [his] own title as opposed to the weaknesses of defendants' title." (ECF 62 at 6, quoting *Coussens v. Stevens*, 200 Or. App. 165, 171 (2005)). The F&R therefore held that


Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

Plaintiff's allegations about PennyMac's "chain of title and enforcement authority" are "not relevant to determining the strength of plaintiff's own claim to title." *Id.* (citing *Collier*, 2022 WL 1223253, at *2).

That third holding disposes of Plaintiff's Questions 1-3 and 5-7. Each concerns the supposed weakness of Defendants' interest rather than the strength of Plaintiff's. MERS's Oregon registry status, the validity of the Assignment, the effect of the lis pendens, LoanStar's registration history, the MERS servicing records, and the securitization reports cannot establish that Plaintiff holds title superior to the lien he granted. And none could excuse tender. On tender, Plaintiff's position has not changed. He admits the debt and offers only to bring the loan current after Defendants satisfy conditions of his choosing. (ECF 56 at ¶ 84; ECF 62 at 5, 13). As the F&R already held, that is not tender. (ECF 62 at 6).

With respect to PennyMac's NMLS licenses (Question 4), Plaintiff identifies no claim in the Complaint or Proposed FAC premised on PennyMac's licensing, no statute PennyMac allegedly violated, and no private right of action. That PennyMac holds both a lending license and a servicing license in Oregon does not "raise a question" about anything pertinent here.

Plaintiff's failure to show strong likelihood of success on the Quiet Title Claim, should end the analysis here as that is the only claim at issue that could conceivably support the injunction Plaintiff sought. However, in any event, Plaintiff's remaining claims fare no better as shown below.

***3. The RESPA Claim Fails Because There Was No Notice of Error (Question 8)***

Plaintiff contends the Court failed to address his claim under 12 C.F.R. § 1024.35(i)(1). (Motion at 8). Plaintiff is wrong. The F&R quoted that precise allegation. (ECF 62 at 6). It explained that a notice of error must assert an error "relating to the servicing of a mortgage loan" and that a servicer need not respond to an overbroad submission. (*Id.* at 7, citing 12 C.F.R. § 1024.35(a), (g)). The F&R then found that the July 30, 2025 letter, the only notice the Proposed



Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

FAC identifies, "is comprised almost entirely of requests not related to the 'servicing' of the loan." (*Id.* at 8 & n.5, 10). That finding disposes of the § 1024.35(i)(1) theory. The 60-day bar applies only "[a]fter receipt of a notice of error," and only to "any payment that is the subject of the notice of error." 12 C.F.R. § 1024.35(i)(1). Plaintiff's July 30 letter identifies no servicing error and disputes no payment. It asks for a wet-ink note, assignments, the "full chain of title," MERS records, securitization documents, and a payment history. (ECF 62 at 8-9). Simply stated, Plaintiff's RESPA claim failed and continues to fail as a matter of law.

***4. The FCRA Claim Fails Because Plaintiff Has Never Identified Inaccurate Reporting (Question 9)***

The Court dismissed the FCRA claim because the Proposed FAC "nowhere…specifically identif[ies] what the specific inaccurate information was that PennyMac is alleged to have furnished." (ECF 62 at 12-13). Plaintiff contends that his "materially misleading reporting theory" was not adequately analyzed. (Motion at 9). Actually, the F&R addressed that theory directly, including Plaintiff's allegation that PennyMac reported the loan as seriously delinquent "without including any notation that the account was 'in dispute.'" (ECF 62 at 13-14, quoting ECF 25-1 ¶ 25). The F&R rejected the theory for two independent reasons. First, Plaintiff admits the default, so reporting the loan as delinquent was accurate. (*Id.* at 13). Second, Plaintiff's "dispute" is a legal defense to payment based on alleged chain-of-title defects, which a furnisher is not obligated to adjudicate and which cannot supply the factual inaccuracy that § 1681s-2(b) of the FCRA requires. *Id.* at 14-15 (citing, *inter alia*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)).

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009) does not help Plaintiff. *Gorman* holds that omitting a dispute is actionable only where the dispute is bona fide and the omission materially misleading, and it recognizes that "reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Gorman*, 584 F.3d at 1163.


Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

There is no substantial question here. In any event, the FCRA claim has nothing to do with the pending foreclosure and cannot entitle Plaintiff to an injunction as a matter of law.

***5. Denial of Leave to Amend Was Plainly Within the Court's Discretion (Question 10)***

Plaintiff invokes the rule that a pro se complaint should not be dismissed without leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quotation omitted). But that is exactly what happened here. Plaintiff was provided an opportunity to submit a proposed amended complaint, and the Court evaluated the Proposed FAC, finding it deficient. (ECF 62). Plaintiff then filed Objections and now, this Motion, and still has not identified any allegation that would establish superior title, tender, a valid notice of error, or an inaccurate credit report. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845. A district court that gives a pro se litigant opportunities to amend, reviews his proposed amendment, and dismisses only after concluding the defects are incurable does not abuse its discretion.

***6. The Appeal from the Denial of Injunctive Relief Presents No Substantial Question***

The denial of the TRO/preliminary injunction motion followed necessarily from the dismissal because a plaintiff with no viable claim cannot show a likelihood of success. (ECF 70 at 3); *Garcia*, 786 F.3d at 740. That ruling is reviewed for abuse of discretion. *Sw. Voter*, 344 F.3d at 918. Because Plaintiff cannot show even a "substantial case" on the merits, the inquiry ends here. *Leiva-Perez*, 640 F.3d at 968; *Babaria*, 87 F.4th at 980. In any event, Plaintiff's showing fails on the remaining prongs as well.

///

///



Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

**B. Plaintiff Fails to Show that Irreparable Harm Is Probable**

Irreparable harm is a "bedrock requirement," and without it, relief "may not issue, regardless of the [movant's] proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965. Plaintiff's showing consists of a single sentence asserting that he lives at the property and will face "loss of possession and displacement" if it is sold. (Motion at 9). That does not satisfy the relevant standard here for three reasons.

*First*, the harm Plaintiff describes is self-inflicted and avoidable. Plaintiff has not been making payments and admits the loan is in default. (ECF 56 at ¶ 84). The Oregon Trust Deed Act gives him the right to stop the sale at any time up to five days before it occurs by curing the default. ORS 86.778. A borrower who has the statutory means to prevent a sale but declines to use it cannot claim that the sale will cause irreparable harm, and equity does not aid a party who "ha[s] not demonstrated that [he is] willing to perform [his] obligations under the trust deed and note." *Hartley v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 775679, at *3 (D. Or. Mar. 5, 2012) (denying preliminary injunction against foreclosure and finding "there is no risk of irreparable harm" where borrowers had a statutory right to cure and showed no ability or willingness to do so). The foreclosure is the contractual consequence of nonpayment, not a harm inflicted by this Court's judgment or by anything the Ninth Circuit could correct.

*Second*, the loss of a home in foreclosure, standing alone, is the harm faced by every defaulting borrower who sues his lender. The Ninth Circuit requires the movant to show "a reason specific to his or her case, as opposed to a reason that would apply equally well to all" similarly situated movants. *Leiva-Perez*, 640 F.3d at 969. If the generic prospect of foreclosure sufficed, every dismissed borrower could obtain an injunction pending appeal simply by filing a notice of appeal, and the "extraordinary remedy" would become routine.

///


Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

*Third*, the sale will not deprive the Ninth Circuit of the ability to grant effective relief. Plaintiff's RESPA and FCRA claims seek damages and can be fully adjudicated after a sale. His title-related claims failed for want of superior title and tender, defects that a sale does not create and that reversal would not cure. Additionally, Oregon law affords post-sale remedies to a borrower who can show that a trustee's sale was conducted without authority, as the cases cited by Plaintiff himself illustrate. *See Fed. Home Loan Mortg. Corp. v. Smith*, 287 Or. App. 42 (2017); *Wolf v. GMAC Mortg., LLC*, 276 Or. App. 541 (2016). Moreover, *In re Mann*, 907 F.2d 923 (9th Cir. 1990), on which Plaintiff relies, involved a bankruptcy appeal that became moot under the specific protections afforded to good-faith purchasers in bankruptcy sales; it does not hold that a foreclosure sale moots every appeal. Nor does Plaintiff cites any case holding that the Ninth Circuit would be unable to review this dismissal after a sale. Because Plaintiff has not shown that irreparable harm is probable, the Motion fails on this ground alone. *Leiva-Perez*, 640 F.3d at 965.

**C. The Balance of Hardships and the Public Interest Weigh Against an Injunction**

Given his inability to show a strong likelihood of success, Plaintiff must show that the balance of hardships tips "sharply" in his favor. *Leiva-Perez*, 640 F.3d at 970. Here, however, the balance tips the other way.

Plaintiff contends that a stay would merely "temporarily delay the sale" and cause Defendants no substantial injury. (Motion at 10). That contention ignores the reality of a non-performing loan. Every month of delay adds accrued interest, advances for property taxes and insurance, and foreclosure and litigation costs to a debt that already exceeds what Plaintiff has shown an ability to pay, while the collateral securing it is occupied without payment and exposed to deterioration. Plaintiff continues to be in default and has already delayed the foreclosure through this litigation, including two emergency TRO motions that were denied. He does not offer to make monthly payments during the appeal, to pay taxes or insurance, or to post any bond


Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

– to the contrary, he asks that the bond requirement be waived. (Motion at 10). An injunction on those terms would shift the entire cost of the appeal onto Defendants and would be, in practical effect, an indefinite license to occupy the property rent-free. That is precisely the outcome Rule 62(d)'s bond requirement exists to prevent.

Plaintiff can stop the sale by curing the default and he retains post-sale remedies and damages claims. A borrower who choses litigation over cure, and who still declines to tender, cannot claim that the equities tip sharply in his favor. *See Hartley*, 2012 WL 775679, at *3 (borrowers who "have not demonstrated that they are willing to perform their obligations under the trust deed and note" lack clean hands).

The public interest likewise favors denial. The public has an interest in the enforcement of contracts and security instruments according to their terms, in the orderly operation of Oregon's nonjudicial foreclosure system, and in ensuring that the extraordinary remedy of an injunction is not used to prolong a foreclosure that the borrower has no legal basis to contest. Plaintiff's contrary argument that the public interest favors "preserving meaningful appellate review" (Motion at 10) is illogical as it would apply to every losing litigant in every case. Appellate review of the dismissal will proceed with or without a sale.

**D. Any Injunction Must Be Conditioned on a Bond That Secures Defendants' Rights**

The Court may grant injunctive relief only "on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d); *see also* Fed. R. Civ. P. 65(c). Plaintiff's request that no bond be required, or that bond be set at a "nominal amount," should be rejected. (Motion at 10). Plaintiff's asserted inability to post security is not a basis to shift the risk of a meritless appeal onto Defendants, and his declaration offers no financial detail beyond the conclusory statement that he has "limited financial resources." (ECF 73 at 12, ¶ 12). His

///

///



Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

assertion that "the property remains available as security" (Motion at 10) is nonsensical; the property is already Defendants' security and it is precisely the erosion of that security during the appeal that a bond must protect against.

## IV. CONCLUSION

Plaintiff asks the Court to enjoin, pending appeal, a foreclosure that this Court has already declined to enjoin, based on claims this Court has already held he cannot plead, supported by materials the Ninth Circuit will not consider. He has not shown that irreparable harm is probable, that his appeal presents a substantial case on the merits, that the balance of hardships tips sharply in his favor, or that the public interest favors injunctive relief. The Court therefore should deny the Motion in its entirety, including the requests for a temporary stay and for waiver of bond.

DATED: September 30, 2026

YU MOHANDESI LLP

***/s/ Pavel Ekmekchyan***

Pavel Ekmekchyan (Admitted *Pro Hac Vice*)
pavel@yumollp.com
Telephone: (213) 985-2007

SABIDO LAW, LLC

***/s/ Robert E. Sabido***

Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
Telephone: (971) 302-6236
Fax (503) 974-1673

Attorneys for Defendants PennyMac Loan Services, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANTS PENNYMAC LOAN SERVICES, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OF TRUSTEE'S SALE PENDING APPEAL** on the date indicated below, and on all parties of record, by:

☒ electronic filing notification.

DATED: September 30, 2026

***/s/ Robert E. Sabido***
Robert E. Sabido



Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673